HODGSON *v.* VERMONT.

ERROR TO THE SUPREME COURT OF THE STATE OF VERMONT.

No. 26. Argued October 14, 15, 1897. — Decided November 29, 1897.

The State's attorney of Vermont, under the statutes of that State, filed an information in the proper court against H., charging that on a day and at a place named he "did, at divers times, sell, furnish and give away intoxicating liquor, without authority, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State." At the same time he filed specifications as follows: "In said case the State's attorney, for a specification, specifies, and says as follows: That he will rely upon, and expect to prove in the trial of said cause, the fact that the respondent, within three years before the filing of the information in the said cause, sold, furnished and gave away intoxicating liquor to the following named persons, or to some one of them, that is to say," giving the names without the residences. " And the undersigned State's attorney states that he has also specified the offences against said respondent with all the certainty as to the time and person, and he is now able from all the information he has in said cause; and the State's attorney reserves the right to amend these specifications if he shall have further evidence pursuant to the statute. And the State's attorney further specifies and relies upon the selling, furnishing and giving away of intoxicating liquor by the respondent within three years before the filing of said information, to some person or persons now unknown to the State's attorney, and claims the right to add the names of such persons, when ascertained, to the specifications, and to make such other amendments in these specifications as the law and discretion of the court may admit." This specification is not required by any statute, and forms no part of the information. It is, however, provided by statute that "when a specification is required, it shall be sufficient to specify the offences with such certainty as to time and person as the prosecutor may be able, and the same shall be subject to amendment at any stage of the trial; and when the specification sets forth the sale,

furnishing or giving away to any person or persons unknown, the witnesses produced may be inquired of as to such transactions with any person, whether named in the specification, or not, and as the name of such person may be disclosed by the evidence it may be inserted in or added to the specification, upon such terms as to a postponement of the trial, for this cause, as the court shall think reasonable." It did not appear from the record that the specification was asked for by the respondent, nor whether the offences of which he was convicted were for selling, furnishing or giving away; or whether to either of the sixty-six persons named in the specification, or to some person or persons not named. *Held*, that this was due process of law, within the meaning of the Fourteenth Amendment to the Constitution.

The words "due process of law" do not necessarily require an indictment by a grand jury in a prosecution by a State for murder. The Amendment undoubtedly forbids arbitrary deprivation of life, liberty or property, and in the administration of criminal justice requires that no different or higher punishment shall be imposed on one than is imposed on all for like offences, but it was not designed to interfere with the power of the State to protect the lives, liberty and property of its citizens, nor with the exercise of that power in the adjudications of the courts of a State in administering the process provided by the law of the State.

AT the June term, 1892, of the county court for the county of Addison, in the State of Vermont, the plaintiff in error was tried and convicted " of one first offence and one second offence," upon an information for selling liquor, filed by the State's attorney. The information was as follows:

"Be it remembered that Frank L. Fish, State's attorney within and for said county, comes here into open court in his own proper person, and upon his oath of office gives said court to understand and be informed, that Edward Hodgson of Orwell, in the county of Addison, and State of Vermont, on the 7th day of June, A.D. 1892, at Orwell, in the county of Addison aforesaid, did, at divers times, sell, furnish and give away intoxicating liquor, without authority, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

"And the said State's attorney, on his oath aforesaid, comes and gives said court further to understand and be informed, that the said Edward Hodgson, prior to this time, to wit, at the December term of the county court held at Middlebury, in and for the county of Addison, on the first Tuesday of

December, A.D. 1891, before and by consideration of said court, was, as appears of record, convicted of selling, furnishing and giving away intoxicating liquors, against the law in such case made and provided."

It is stated in the record that the State's attorney "likewise filed specifications in words and figures following:"

"In said case the State's attorney, for a specification, specifies, and says as follows: That he will rely upon, and expect to prove in the trial of said cause, the fact that the respondent, within three years before the filing of the information in the said cause, sold, furnished and gave away intoxicating liquor to the following named persons, or to some one of them, that is to say:

[Here follow the names of sixty-six persons, whose residence is not given.]

"And the undersigned State's attorney states that he has also specified the offences against said respondent with all the certainty as to the time and person, and he is now able from all the information he has in said cause; and the State's attorney reserves the right to amend these specifications if he shall have further evidence pursuant to the statute.

"And the State's attorney further specifies and relies upon the selling, furnishing and giving away of intoxicating liquor by the respondent within three years before the filing of said information, to some person or persons now unknown to the State's attorney, and claims the right to add the names of such persons, when ascertained, to the specifications, and to make such other amendments in these specifications as the law and discretion of the court may admit."

This specification is not required by any statute, and forms no part of the information. It is, however, provided by statute that "when a specification shall be required, it shall be sufficient to specify the offences with such certainty as to time and person as the prosecutor may be able, and the same shall be subject to amendment at any stage of the trial; and when the specification sets forth the sale, furnishing or giving away to any person or persons unknown, the witnesses produced may be inquired of as to such transactions with any person,

whether named in the specification or not, and as the name of such person may be disclosed by the evidence it may be inserted in or added to the specification, upon such terms as to a postponement of the trial, for this cause, as the court shall think reasonable." Statute of Vermont, 1886, No. 37.

It does not appear from the record that the specification was asked for by the respondent, nor whether the offences of which he was convicted were for selling, furnishing or giving away; or whether to either of the sixty-six persons named in the specification, or to some person or persons not named. These proceedings were based upon c. 169, §§ 3802, 3803, 3859, 3860 of the Revised Laws of Vermont, (Revision of 1880,) as amended by No. 42 of the statutes of 1888, which are as follows:

"Sec. 3802. If a person by himself, clerk, servant or agent, sells, furnishes or gives away, or owns, keeps or possesses with intent to sell, furnish or give away, intoxicating liquor or cider, in violation of law, he shall forfeit for each offence to the State, upon the first conviction not less than five nor more than one hundred dollars, and may also be imprisoned in the discretion of the court not more than thirty days; upon the second and each subsequent conviction, not less than ten nor more than two hundred dollars for each offence, and shall also be imprisoned not less than one month nor more than one year.

"Sec. 3803. Justices shall have concurrent jurisdiction with the county court in prosecutions under the preceding section, and the same may be tried upon the complaint of the grand juror of the town, or of the State's attorney, before a justice, or upon the information of the State's attorney, before the county court.

"Sec. 3859. Complaints for any offence against section 3572 (section 3802) shall be substantially in the following form:

"'STATE OF VERMONT, ⎱ ss:
———— COUNTY, ⎰

"'To A. B., justice of the peace for the county of ————, comes C. D., grand juror of the town of ————, in said county,

and complains that E. F., of ———, on the ——— day of ———, A.D. ———, at ———, did, at divers times, sell, furnish or give away (as the case may be) intoxicating liquor, without authority, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

"'C. D., *Grand Juror.*'

"Sec. 3860. Under the foregoing complaint every distinct act of selling, furnishing or giving away may be proved, and the court shall impose a fine for each offence."

Before trial the plaintiff in error filed a motion to quash the indictment. This motion was overruled by the court, to which decision the plaintiff in error duly excepted. The case was carried by the plaintiff in error to the Supreme Court of Vermont upon exceptions to the overruling by the county court of his motion to quash, and upon other exceptions taken at the trial, and not material here, as they raise no Federal question. Judgment and sentence were stayed in the county court, to await the result of the hearing in the Supreme Court.

In that court the plaintiff in error filed a motion in arrest of judgment, which he was allowed by the court to do, and the same was taken into consideration and passed upon by the court.

The grounds set forth are in substance: That the information upon which the conviction was had is insufficient and void, and lacking in substance in various particulars specified in the motion; that the respondent was deprived of his right to be informed of the nature and cause of the accusation against him; that he was convicted of two infamous crimes without due process of law, and denied by the State the equal protection of the law; that the statutes of Vermont under which the proceedings were had are in conflict with the provisions of the Constitution of the United States, and especially that provision of the Fourteenth Amendment which provides that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or prop-

erty without due process of law ; nor deny to any person the equal protection of the law."

The Supreme Court of Vermont affirmed the judgment of the county court refusing to quash the information, and overruled the motion in arrest, and proceeded to render judgment upon the verdict, and sentenced the plaintiff in error to pay a fine of $30 for the first offence and $70 for the second offence, with costs taxed at $197.36, and to be confined at hard labor in the house of correction at Rutland for the period of sixty days, " with alternative sentence." The alternative sentence is, that in case of failure to pay the fine and costs within twenty-four hours, the respondent be confined in the house of correction for the term of three days for each dollar, in addition to the period for which he is sentenced. Rev. Laws, § 4336.

The court decided, in substance, that the information was sufficient ; that it constituted due process of law ; that the statute did not infringe the requirements of the Constitution of the United States by depriving the accused of the equal protection of the laws or by subjecting him to cruel and unusual punishment.

The defendant thereupon sued out a writ of error to this court, which was allowed by the Chief Judge of the Supreme Court of the State of Vermont.

*Mr. E. J. Phelps* for plaintiff in error. *Mr. W. H. Bliss* was on his brief.

*Mr. Frank L. Fish* and *Mr. Charles A. Prouty* for defendant in error.

MR. JUSTICE SHIRAS, after stating the case, delivered the opinion of the court.

At a former term of this court, in the case of *O'Neil* v. *Vermont*, 144 U. S. 323, we were asked to hold certain provisions of the laws of the State of Vermont, concerning the importation and sale of intoxicating liquors, void, because they

conflicted with the Constitution of the United States wherein it confers upon Congress exclusive power to regulate interstate commerce and forbids cruel and unusual punishments. But the court was of opinion that the record in that case did not disclose that any Federal question had been raised or decided in the Supreme Court of Vermont, and the writ of error was accordingly dismissed.

In the present case the assignments of error raised no question as to the character of the punishment inflicted upon the accused. Nor do the facts of the present case call upon us to consider the validity of those portions of the Vermont statutes which concern intoxicating liquors as articles of interstate commerce.

But certain Federal questions are sufficiently presented in this record, which have been argued with great ability, and which it is our duty to now consider.

The first contention is that the information under which the plaintiff in error was tried and convicted was defective in such essential particulars as to deprive him of his liberty and property without "due process of law." It is said that the information does not charge any specific offence; that it does not state with any reasonable certainty the time when the offences charged, or any or either of them, occurred; that the name of no person to whom liquor was alleged to have been sold, furnished or given away is stated; that neither the place where the sales are claimed to have taken place, the kind or quantity of intoxicating liquor so disposed of, nor any other circumstance that would tend to identify the transactions referred to, is stated; that such an information does not protect the accused the least against being prosecuted for one crime and convicted of another; that under this information it is and must remain utterly uncertain what particular one of many offences the accused was convicted of; that the record of an acquittal or conviction upon such an information forms no bar to a second prosecution for the same offence.

While we are not relieved from considering these objections by the mere fact that the offences charged arose under a statute, and were proceeded in, in a court of a State, it is

yet obvious that our concern in them can go no further than to inquire whether the plaintiff in error was deprived of the rights and immunities secured to him by the Federal Constitution.

Several of the objections specified merely raise questions of form, and, as such, were conclusively ruled by the state court. But it is insisted that in all criminal prosecutions the accused must be informed of the nature and cause of the accusation against him; that in no case can there be, in criminal proceedings, due process of law where the accused is not thus informed, and that the information which he is to receive is that which will acquaint him with the essential particulars of the offence, so that he may appear in court prepared to meet every feature of the accusation against him.

Conceding that this is a correct statement of the rights of an accused person, and that, if deprived of such rights, he may properly invoke the protection of the Constitution of the United States, our reading of this record has not satisfied us that the plaintiff in error has any just grounds of complaint. We adopt, in this regard, the views and language of the Supreme Court of the State:

"The offence created by the statute is the provision of intoxicating liquors without the authority of law, either by sale, furnishing or giving away. There are no circumstances necessary to be set out to constitute either of these facts an offence. The terms of the statute as clearly import the prohibited offence as any terms can. The offence is neither heightened nor lessened by, nor dependent upon, the kind or amount of intoxicating liquors sold, nor upon the person to whom the sale, furnishing or giving away is made, nor upon the amount of money received, nor upon whether made by the respondent or by some one for him. None of these particulars need be set forth to notify the respondent of the offence with which he is charged, and called upon to answer, nor to apprise the jury of what they are to convict or acquit him, nor to apprise the court of the sentence which it should impose. The prescribed form covers the offence in the exact and easily understood language of the statute which creates

it. This is sufficient. . . . It is not an ancient crime which has been, from time immemorial, clothed in special terms which, by long use, have become the most apt and definite ones to describe the exact crime. The statute sometimes prescribes the punishment of a common law crime without defining it, or creates an offence and prescribes no form for an information. In such cases it is well held that the common law requirements in charging it must be met. . . . But it is sufficient to charge a statutory offence in the terms of the statute. . . . The respondent contends that the prescribed form is defective, in that it does not require the names of the persons to whom sales are claimed to have been made to be set forth; that sales must be made to some person. But this contention is based on the requirements of the common law, when applicable. The specifications ordinarily would, and did in this case, supply the information. . . . It is also contended that the particulars of the kind of liquor, price, and name of the person to whom sold should be set forth in the information, both to apprise the respondent of the evidence he has to meet, and to have the record protect him from a second information for the same offence. It is never necessary for the State to disclose what is merely its proof of the commission of the offence charged in the information. If the record does not itself identify the offence or offences for which conviction has been had, on the trial of a subsequent prosecution, such identification may be made by parol testimony. If these particulars were set out in the information, resort might have to be had to parol proof to identify the offence for which conviction was had. It might occur that the same respondent made more than one sale of the same kind and quantity of liquor, to the same person, at the same price, at the same place and on the same day. Besides by the common law it has always been held that the prosecutor need not set forth the name of the person, when unknown. It is sufficient to state that his name is unknown. . . . These particulars of the kind, quantity, price, and person to whom sold, are seldom known to the prosecutor until revealed by the witness upon the stand. Without these

particulars the prescribed form answers every essential require-
ment of the common law in regard to informations or indict-
ments. The prescribed form sets forth in clear language,
easily to be understood, 'the cause and nature of the accusa-
tion.' . . . By the use of the words 'at divers times' on
the day named, it notifies him that he may be called upon to
meet more than one offence committed in one of the ways
named. The prosecution is never confined to prove the
offence on the day specified in the information, if the proof
is within the time limited for the prosecution of the offence.
The accused can of right call upon the prosecutor to specify
more fully what is claimed to be included under these general
terms. This is analogous to the common counts in assumpsit
in civil cases, which grew up under the common law. The
defendant in a civil case is entitled to notice of what he is
called upon to meet, as much as a respondent in a criminal
case, and for the same reasons. Under these common counts
it has always been held that the plaintiff might show any
number of claims of the class described, and for this reason,
that the defendant was entitled, as a matter of right, to a
bill of particulars, or specifications, and that such specifica-
tions supplied what was lacking by the generality of the
count, in regard to the particulars and number of similar
claims which the plaintiff would call upon the defendant to
litigate. In this view, the information, aided by specifica-
tions, is good by the rules of the common law; but, whether
it be or not, the legislature has an undoubted right to change
and mould the forms of procedure so long as it does not
deprive the accused of any constitutional right. . . . This
class of cases is not exceptional in their manner of trial.
They are proceeded with like all other cases. The selection
and empanelling of the jury, the rules of evidence, burden of
proof, and procedure in the trial, is the same as in all other
criminal cases. What has been said in regard to the scope
of the information, aided by specifications, to which the re-
spondent was entitled as a matter of right, and which were
furnished to him, and in regard to the order and manner of
his trial, makes the respondent's trial a trial by 'due process

of law,' or in accordance with 'the law of the land,' within the varying definitions of those general terms as claimed by the respondent's counsel." *State* v. *Hodgson*, 66 Vermont, 134, 150.

It is argued that the defects or insufficiencies of the information cannot be supplied by the specification, because the latter is not required by any statute and is not a matter of right. If this assumption was well founded it would strengthen the criticism urged against the information. But that such assumption is not well founded is shown by the opinion of the Supreme Court of Vermont above quoted, wherein it is held that the accused under these proceedings is entitled to a specification as a matter of right.

The defendant, being entitled to a specification as a matter of right, under the decision of the Supreme Court of the State, the question of the validity of the information in the absence of any specification is not presented by this case, and we therefore express no opinion upon it.

It is further claimed that the conviction of the plaintiff and his sentence to infamous punishment was without due process of law, because he was not indicted by a grand jury. Discussion of this contention is unnecessary, because it was the very matter considered in *Hurtado* v. *California*, 110 U. S. 516, where it was ruled that the words " due process of law " in the Fourteenth Amendment of the Constitution of the United States do not necessarily require an indictment by a grand jury in a prosecution by a State for murder. The views expressed in that case have been approved and followed in a number of subsequent cases, of which a few may be cited, *Barbier* v. *Connolly*, 113 U. S. 27; *In re Kemmler*, 136 U. S. 436; *Ex parte Converse*, 137 U. S. 624; *Hallinger* v. *Davis*, 146 U. S. 314.

We concede the proposition, so earnestly urged on behalf of the plaintiff in error, that by the Fourteenth Amendment it is made the right and the consequent duty of this court, when a case has been duly brought before it, to inquire whether, in the enactment and administration of the criminal laws of a State, it is sought to arbitrarily deprive any person of his life, liberty or property, or to refuse him the equal

protection of the laws, and that such inquiry is not precluded or ended by the mere fact that the judgment complained of was reached by proceedings in a state court in pursuance of the provisions of a state statute. But we are contented to close this discussion by quoting the language of this court in *Ex parte Converse*, 137 U. S. 624: "We repeat, as so often has been said before, that the Fourteenth Amendment undoubtedly forbids any arbitrary deprivation of life, liberty or property, and in the administration of criminal justice requires that no different or higher punishment shall be imposed on one than is imposed on all for like offences, but it was not designed to interfere with the power of the State to protect the lives, liberty and property of its citizens; nor with the exercise of that power in the adjudications of the courts of a State in administering the process provided by the law of the State."

Finding no error therein, the judgment of the Supreme Court of Vermont is

*Affirmed.*