**DRISKILL v. UNITED STATES.**

Circuit Court of Appeals, Ninth Circuit.
February 27, 1928.

Rehearing Denied March 26, 1928.

No. 5180.

1. **Criminal law ⬳772(6)—In prosecution for selling and possessing liquor, defendant held entitled, under evidence, to instruction on subject of entrapment.**

In prosecution for selling and possessing intoxicating liquor, defendant *held* entitled to an instruction on subject of entrapment, under evidence which, if true, showed that offense had its origin in minds of prohibition officers, and that they lured him to its commission by use of false representations and an appeal to sympathy.

2. **Criminal law ⬳861—In liquor prosecution, permitting jury to inspect and smell contents of bottles purchased held not error.**

In prosecution for selling and possessing intoxicating liquor, permitting jury to inspect and smell contents of bottles which were purchased *held* not error.

In Error to the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

David D. Driskill was convicted of selling and possessing liquor, and he brings error. Reversed and remanded.

Croaff & Conway and Spencer B. Pugh, all of Phœnix, Ariz., for plaintiff in error.

John B. Wright, U. S. Atty., of Tucson, Ariz., and George Guy Axline, Asst. U. S. Atty., of Phœnix, Ariz.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error and one W. K. Moss were convicted on six counts of an information charging them with the sale and the possession of intoxicating liquor on May 19, 20, and 22, 1926. It was shown by the prosecution that on each of those dates one Vail, a prohibition agent, purchased in the café of the plaintiff in error, at Phœnix, Ariz., a pint bottle of whisky, which was obtained from Moss with the knowledge and acquiescence of the plaintiff in error.

The plaintiff in error testified that he had no knowledge of such purchases, and that Moss was not employed by him, but operated a pool hall next door. Moss testified that Vail was introduced to him as a soldier just out of the hospital, unacquainted at the place, and very much in need of whisky; that Vail told him that he had been sick, to which Moss answered that he was not in the liquor business; and that Vail said, "Well, I don't know anybody here, and if you know where you can get any, I would certainly appreciate it." Moss testified that he finally agreed to go out and get Vail a bottle of whisky, and received $3 from him for the purchase of a pint, and that he went to a nearby rooming house, purchased the whisky, gave it to Vail, and retained no part of the money for his services, and that this was repeated on two days thereafter.

[1, 2] There was no evidence that prohibition officers had occasion to believe or suspect that either of the defendants was in the business of selling intoxicating liquor or procuring it for others. If the testimony of the defendants was true, the offense which Moss committed had its origin in the minds of the prohibition officers, and they lured him to its commission by the use of false representations and an appeal to sympathy. In view of that testimony, the defendants were entitled to an instruction on the subject of entrapment. Request was made for an appropriate instruction on that question, but it was denied by the trial court. This, we think, was error, for which the judgment must be reversed. No merit is found in the assignment that it was error to permit the jury to inspect and smell the contents of the bottles which were purchased.

The judgment is reversed, and the cause is remanded for a new trial.