## KARGER v. UNITED STATES.

## No. 5835.

Circuit Court of Appeals, Fifth Circuit.
Jan. 15, 1931.

W. E. Price, of Galveston, Tex., for appellant.

H. M. Holden, U. S. Atty., and M. S. McCorquodale, Asst. U. S. Atty., both of Houston, Tex.

Before FOSTER and WALKER, Circuit Judges, and GRUBB, District Judge.

FOSTER, Circuit Judge.

Appellant was convicted on two counts of an indictment charging him with the unlawful possession of intoxicating liquor for beverage purposes, one count charging a first offense and the other charging a fourth offense, both based on same transaction. Error is assigned to the overruling of a motion in arrest of judgment, to a portion of the charge given, and the refusal of a special charge requested. No other errors are assigned.

[1, 2] Omitting formal parts, both counts of the indictment charged that heretofore, to wit, on or about the 16th day of May, A. D. 1929, in the county of Galveston, within the Galveston Division of the Southern District of Texas, one Karl Karger did knowingly, willfully, and contrary to law, possess intoxicating liquor, fit and intended for bev-

erage purposes, he then and there knowing that such possession was unlawful and was prohibited.

The proof showed conclusively the possession of one quart of whisky by the defendant in his residence in Galveston, a previous sale of whisky to a prohibition agent, with the invitation to return if he wanted more, and the previous convictions of appellant. Appellant testified the whisky had been left in his premises by two of his roomers immediately before a search warrant had been executed, and that it did not belong to him.

Appellant contended in the motion in arrest that the indictment is fatally defective because the date is not certain; the kind and quantity of the liquor is not stated; and the premises where it was possessed are not specifically designated.

While it would have been better pleading if the time had been definitely stated without the use of the words "on or about," and the kind and quantity of liquor possessed, and the premises where possessed, had been more particularly set out, that information could have been obtained by taking advantage of the court's suggestion, as appears from the record, that a motion for a bill of particulars be filed. There is no doubt that the indictment tracks the statute, although in the barest outline, and charges all the elements of the offense. The date is given with sufficient certainty. Hodgson v. Vermont, 168 U. S. 262, 18 S. Ct. 80, 42 L. Ed. 461; Rosen v. U. S., 161 U. S. 29, 16 S. Ct. 434, 480, 40 L. Ed. 606; Matthews v. U. S., 161 U. S. 500, 16 S. Ct. 640, 40 L. Ed. 786; Ledbetter v. U. S., 170 U. S. 606, 18 S. Ct. 774, 42 L. Ed. 1162. The case of Miller v. United States, 288 F. 816, decided by this court, and relied upon by appellant, is not in conflict with the just cited decisions, as in that case the fourth count of the indictment, which was no more specific than the counts in the indictment here under consideration, was sustained, although other counts were held defective. It was not error to overrule the motion in arrest of judgment.

In the course of the general charge, the court charged the jury that, if the liquor in question was put in defendant's house with or without his knowledge and consent, that when he found it he took it, and his taking of it was for the purpose of appropriating it and keeping it, he would be guilty, no matter who put it there. This was not error. It was immaterial how the liquor came into defendant's possession if he appropriated it to himself, and the charge was warranted by the attempted defense shown by appellant's testimony.

The court refused special requests as follows: "That they could not convict the defendant unless he had actual knowledge that the liquor in question was in the place and that it was his liquor." The entire charge of the court is in the record, and this requested charge was fully covered and the jury instructed as to the law.

The record presents no reversible error.

Affirmed.