## HILL v. UNITED STATES.

### No. 5930.

Circuit Court of Appeals, Fifth Circuit.

Feb. 10, 1931.

R. A. Hendricks, of Miami, Fla. (B. E. Hendricks, of Miami, Fla., on the brief), for appellant.

W. P. Hughes, U. S. Atty., of Jacksonville, Fla., B. R. Cisco, Asst. U. S. Atty., of Miami, Fla. (Louis S. Joel, Asst. U. S. Atty., of Jacksonville, Fla., on the brief), for the United States.

Before FOSTER, Circuit Judge, and HUTCHESON and SIBLEY, District Judges.

FOSTER, Circuit Judge.

Appellant was convicted on three counts of an indictment charging violations of the National Prohibition Act, and a general sentence of imprisonment for a year and a day was imposed.

The first and second counts respectively of the indictment charge the unlawful sale of four and three glasses of whisky containing more than one-half of 1 per cent. of alcohol by volume for beverage purposes at Miami, in Dade county, Fla., and within the jurisdiction of the court. The third count charges that at Miami in Dade county, Fla., within the jurisdiction of the court, the defendant did unlawfully maintain a common nuisance, that is to say, "a certain smoke and drink stand known as Royal Palm Smoke and Drink Shop located at 1125 Northeast First Avenue, in the City of Miami, * * * where intoxicating liquors containing one-half of one per centum and more of alcohol by volume, fit for use and intended for use for beverage purposes, were then and there unlawfully kept for sale and sold for beverage purposes."

A special demurrer was filed on the grounds that the kind of whisky, the name of the person or persons to whom sold, and the premises where sold were not set out in the

first and second counts. The demurrer was overruled, and the court offered to order the filing of a bill of particulars, which offer was apparently not accepted. The indictment was sufficient. It was not error to overrule the demurrer. Karger v. U. S. (C. C. A. Fifth Circuit) 46 F.(2d) 302, decided January 15, 1931.

There was evidence tending to prove, not only the sales alleged in the indictment, but a number of other sales of intoxicating liquor by the defendant at the premises No. 1125 Northeast First avenue. No witness testified that the stand was known as the Royal Palm Smoke and Drink Shop. One witness testified it bore the sign Royal Palm Smoke Shop, and the defendant testified that it was known simply as the Royal Palm, but it is not disputed that cigars and soft drinks were sold at that stand. The defendant denied the sales testified to by the witnesses for the United States, and testified he was simply employed by one W. O. Buck at a salary of $25 a week, and that he was not the proprietor of the stand. This was corroborated by Buck. Another witness, Frost, produced by defendant, gave testimony tending to show that the place was operated by both Buck and Hill.

■■■■ Appellant moved for a directed verdict at the close of all the testimony, and moved to strike out the evidence as to the nuisance count on the ground of variance. These motions were denied, and error is assigned thereto. While it was conflicting, there could be no doubt that there was sufficient evidence before the jury to support a conviction on all three counts. It does not appear from the record that the testimony as to the name of the shop was objected to, but, in any event, the variance is trifling and immaterial. It was not error to overrule these motions.

Other errors are assigned, but they are so entirely without merit as to require no discussion.

The record presents no reversible error. Affirmed.