## LAUDERDALE v. UNITED STATES.
### No. 5926.

Circuit Court of Appeals, Fifth Circuit.

April 9, 1931.

J. L. Roberson and Sam C. Cook, Jr., both of Clarksdale, Miss. (Roberson & Cook, of Clarksdale, Miss., on the brief), for appellant.

Lester G. Fant, U. S. Atty., of Holly Springs, Miss.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant was convicted under an indictment containing nine counts. The first, third, fifth, and eighth counts each charged that appellant on a stated date, at the town of Ruleville, in Sunflower county, Miss., did knowingly and unlawfully possess intoxicating liquor, to wit, whisky, for beverage purposes; the dates stated in the several counts being different, and the dates stated in each of the nine counts being later than the date of the enactment of the Jones Act, 45 Stat. 1446 (27 USCA §§ 91, 92). The second, fourth, and sixth counts each charged that appellant, on a stated date, at the town of Ruleville, in Sunflower county, Miss., did knowingly, willfully, unlawfully, and feloniously sell intoxicating liquor, to wit, whisky, for beverage purposes; the dates stated in the several counts being different. The seventh count charged that appellant on a stated date, at said town of Ruleville, did knowingly, willfully, unlawfully, and feloniously transport intoxicating liquor, to wit, whisky, for beverage purposes. The ninth count charged that appellant on a stated date, at said town of Ruleville, did knowingly, willfully, and unlawfully maintain a common and public nuisance on described premises located in said town of Ruleville, in that he then and there knowingly, willfully, and unlawfully did maintain said premises as a place where intoxicating liquors, to wit, whisky, for beverage purposes, was unlawfully kept for sale and sold. The appellant demurred to the indictment and to each of its counts. As to all the counts the demurrer raised the question of the sufficiency of the allegations as to the place of the commission of the offense attempted to be charged. The counts charging possession were challenged on the grounds that they failed to allege that the whisky mentioned was fit for use for beverage purposes, or that the possession of it was with the intention of using it in violation of the National Prohibition Act. The counts

482

charging sales were challenged on the ground that they failed to allege to whom the sale was made. The transportation count was attacked because it did not allege how the transportation was effected, and that it failed to state the place from, or the place to which, the whisky was transported. The demurrer was overruled. On a verdict finding the appellant guilty as charged, the court adjudged that he pay a fine of $250 and that he be imprisoned in jail for a period of twenty-four months. Assignments of error were based on the overruling of the demurrer to the indictment, on rulings on evidence, and on the court's refusal to direct a verdict of not guilty.

None of the counts was subject to demurrer because of the insufficiency of its allegations as to the place of the commission of the charged offense. The particular location in the town of Ruleville of the alleged unlawful conduct was not of the substance of the offense charged. If additional information in that regard had been deemed by the appellant to be necessary to enable him to make preparation to meet the charges made, it could have been called for by an application for a bill of particulars. Adamson v. United States (C. C. A.) 296 F. 110; Leonard v. United States (C. C. A.) 18 F. (2d) 208; United States v. Luther (D. C.) 260 F. 579; Day v. United States (C. C. A.) 28 F.(2d) 586. The counts charging unlawful possession of whisky, an intoxicating liquor, were not defective by reason of the suggested omission of allegations, which were not required to show the commission of the crimes attempted to be charged. Hodgson v. Vermont, 168 U. S. 262, 18 S. Ct. 80, 42 L. Ed. 461; Middlebrooks v. United States (C. C. A.) 23 F.(2d) 244. For like reason the suggested omission from the counts charging unlawful sales of whisky, and from the count charging unlawful transportation of whisky of descriptive allegations of the details of such sales and transportation, did not constitute defects in those counts making them subject to demurrer. Husty v. United States, 51 S. Ct. 240, 75 L. Ed. ——, Feb. 24, 1931; Karger v. United States (C. C. A.) 46 F.(2d) 302.

The court overruled an objection to the jury being permitted to smell the contents of a bottle of whisky which had been identified by a witness as one sold by the appellant. The effect of overruling that objection being to permit the jurors merely to examine or scrutinize a thing produced before them as part of the evidence in the case on trial, that ruling was not erroneous. Driskill v. United States (C. C. A.) 24 F.(2d) 525.

It is not necessary to pass on the contention that a verdict of not guilty under the nuisance count should have been directed, because of the insufficiency of evidence to support its allegations, as the punishment imposed was warranted by the conviction under other counts, the material allegations of which were supported by evidence.

The record showing no reversible error, the judgment is affirmed.