GEORGE NEWMAN, TREASURER OF THE TOWN OF BRATTLEBORO, *v.* SILAS M WAIT.*

*Pleading. National Banking Associations. Indivisibility of Penalty. Laws of 1865, No. 6.*

In an action brought upon an act of the legislature which made it the duty of the cashiers of the several banking associations in the state, formed under a certain act of Congress, to transmit to the clerks of the several towns in this state in which any stockholder of such association should reside, a true list of the names of such stockholders, &c., and imposed a penalty for the neglect of such duty, the declaration alleged that the defendant was cashier of such an association, and also alleged the passage of said act of the legislature, and recited that portion thereof which created said duty, and alleged a breach of such duty on the part of the defendant. *Held,* that the plea of not guilty did not put in issue the validity of said act of the legislature, and that if the plaintiff proved his declaration, he was entitled to a verdict, in the absence of proof of facts on the part of the defendant to obviate it.

The fact that such an association keeps such a list of stockholders as required by the act of Congress, from which the listers of a town may, on application to such association, transcribe such stock as they deemed taxable in their town, does not absolve the cashier of such association from the duty, or mitigate the penalty, imposed upon him as aforesaid, although the listers in fact transcribe such stock from such list, and the same is duly taxed in such town.

Said act of the legislature, taken in connection with the state law existing in 1866 and 1867, in reference to taxing bank stock owned by persons residing in this state, does not conflict with the law of Congress so far as relates to national bank shares owned by residents of this state.

CASE for penalties of $500 each, brought on No. 6 of the acts of 1865, for that the defendant, cashier of the First National Bank of Brattleboro, did not, as such cashier, transmit to the town clerk of said Brattleboro, in the years 1866 and 1867, or either of said years, a list of the names of such stock or shareholders of said bank as resided in said town, according to the provisions of said act. Plea, the general issue, and trial by jury, September term, 1872, BARRETT, J., presiding. The allegations of the declaration are sufficiently stated in the opinion. The plaintiff offered evidence to show, and the defendant conceded, that in the years 1866 and 1867, the defendant made no returns to the town clerk of said Brattleboro, as required by said act; whereupon the plaintiff rested his case.

*This case was argued at the February term, 1873, and decided at the February term, 1874.

Treasurer of Brattleboro *v.* Wait.

The defendant's counsel claimed in defence, that as said bank was organized under the act of Congress approved June 3, 1864, entitled "An act to provide a national currency," the defendant as cashier thereof was amenable to no law but said act of Congress, and that the state legislature had no power to prescribe or define his duties as such cashier.

The defendant offered evidence tending to show, that at all times in the years 1866 and 1867, said bank kept such list of the stockholders in said bank as was required by said act of Congress, which lists were at all times open to the inspection of the listers of said town, who were permitted at all times in those years to transcribe therefrom, and set in the grand list of said town, all such stock of said bank as they deemed taxable ; that in the month of April, 1866, the listers of said town called at said bank, and, with the defendant's permission and aid, transcribed from said lists of said bank, and set in the grand list of said town for that year, all the stock of said bank that was subject to taxation in said town, and that the same was duly taxed, so that said town in that year suffered no damage by reason of the defendant's omission to make such return that year to the clerk of said town ; that in April, 1867, the listers of said town in like manner transcribed and set in the grand list of said town for that year, all the stock of all the stockholders in said bank who were residents of said town on the first day of April in that year, and that the same was duly taxed, and that said listers might have transcribed and set in said grand list in like manner the stock of shareholders in said bank who were non-residents of this state on the first day of April in that year, but omitted to do so at their own option. The plaintiff's counsel waived all objection to the admission of the evidence offered, under the general issue ; but claimed that if admitted, it constituted no legal defence to said action. The court thereupon (the defendant, on leave being granted to except, consenting) directed a verdict, *pro forma*, for the plaintiff ; to which the defendant excepted.

*Field & Tyler*, for the defendant.

The defendant insists, that as said bank was organized under said act of Congress, he, as cashier thereof, was amenable to no

other law, and that the state legislature had not power to prescribe or define his official duties.*

But, conceding for a moment that the legislature may prescribe this duty to bank cashiers, still, the duty when performed, would have been no aid to state taxation. It was held by the supreme court of Pennsylvania, in *Markoe et al.* v. *Hartranft et al.*, and by the Supreme court of Ohio, in *Frazer* v. *Sibern et al.*, both reported in Am. Law Reg. of June 1867, and in *Van Allen* v. *The Assessors*, 3 Wal. 573, *People* v. *The Commissioners*, 4 Wal. 244, *Bradley* v. *The People*, Ib. 459, and in numerous other cases, that " taxation by a state, of shares in national banks, must conform strictly to the requirements of the national bank act of June 1864. Our act of 1865 does not conform to it in three essential particulars : 1st, as to place of taxation ; 2d, as to rate of taxation ; and thirdly and fatally, because it attempts to tax the stock of banks, instead of individual shares.

But it seems to us that, beyond all question, the act of 1865, so far as it relates to the taxation of the shares of non-residents, is invalid and void. The second section provides that the stock and shares of all such banks shall be set in the list, and taxed in the same manner that stock in the state banks is liable to be taxed by the existing laws thereof. But the third section requires cashiers to transmit to the clerk of the town where such bank is situated, a list of the names of all non-resident stockholders, with their number of shares, &c., and by implication, these shares are to be set in the list of that town and taxed ; and the fourth section provides, that when the collector in such town shall have a tax against any non-resident stockholder, " *it shall be the duty of the cashier*," upon presentation of such tax, " *to pay the same*," and charge it over to the stockholder on the books of the bank. Our listing law of 1849 provided that the shares of bank stock owned by non-residents, should be set in the list in the towns where the banks are located, and taxed the same as the shares of resident citizens. Comp. Sts. ch. 80, § 23. This provision was omitted from the act of 1855, and from the Gen. Sts. in 1863, and only

---

* As this point was not considered by the court, the briefs of counsel on both sides are abridged in relation to it.—REPORTER.

"all the real and personal estate owned by the inhabitants of this state, shall be set in the list and taxed." In 1854 an act had been passed requiring bank cashiers to deduct one per cent. from the dividends upon the shares of non-residents, and pay the same directly to the state treasurer. This, with the amendment made thereto in 1864, was the law when this act of 1865 was passed. Therefore, we believe the 3d and 4th sections of the act of 1865 are a nullity, for four reasons. 1st. Because they do not of themselves confer any authority upon towns to set in the list and tax the shares of non-residents. 2d. Because Congress had conferred upon the state no power to prescribe duties to cashiers of national banks, or to prescribe that all stock and dividends of non-residents should be holden to the banks for taxes. 3d. Because this is an attempt to place the shares of both resident and non-resident stockholders in the grand list, and subject them to like taxation, when, by the then existing laws, only the shares of residents could be set in the list, those of non-residents only being subject to the two per cent. deduction under said acts of 1855 and 1864. 4th. Because until the passage of the act of Congress of February, 1868, the state had no authority for the taxation of the shares of non-residents ; such shares being personal property, follow the owner, and there is no power in a state to tax the rights which citizens of other states hold in an institution not created by the state, but created by, and deriving all its powers from, the United States.

We think the court below erred in excluding the evidence offered. The defendant offered evidence to show that in the year 1866 the listers, pursuant to § 40 of said banking act, called at said bank, procured the names, residences, and amount of stock of all stockholders of said bank, and that such stock was set in the list that year and duly taxed, and that they did the same in the year 1867, with the exception of omitting, at their option, the non-resident stock from the list. This is a remedial statute and gives the forfeiture to towns, not as a fine by way of punishment, but as a compensation for damages. *Newman* v. *Waite*, 43 Vt. 587, and *Brattleboro* v. *Waite*, 44 Vt. 459. As the town suffered

no damage on account of the defendant's omission to make returns, the plaintiff is not entitled to recover.

*C. N. Davenport* and *Clarke & Haskins*, for the plaintiff.

The defendant conceded, that in the years 1866 and 1867, he made no returns to the clerk of said town of Brattleboro, as required by the act of 1865. The neglect and refusal of the defendant to make those returns, entitle the plaintiff to recover the forfeiture prescribed by section five. Acts of 1865, No. 6 ; *Newman* v. *Waite*, 43 Vt. 587.

The defendant's counsel claimed in defence, that as said bank was organized under an act of Congress, the defendant as cashier was amenable to no law but said law of Congress, and that the state legislature had not power to prescribe or define his duties as cashier. This assumption is too broad for serious consideration.

The evidence offered by the defendant, constituted no legal defence to the action, and the county court properly excluded it, and directed a verdict for the plaintiff. The fact that he kept a list of the stockholders in said bank, as required by section 40 of the act of Congress, did not excuse him from obedience to the law of Vermont, which required him to transmit a copy of so much of that list as would enable the authorities of Brattleboro to ascertain what shares of the stock of the bank were there taxable. So, too, the evidence that the listers by other means obtained evidence of what shares they supposed taxable, was wholly irrelevant to the issue.

There is no difficulty in reaching a just conclusion as to the rights of these parties, upon the uncontroverted facts of the case. Under the act of 1865, the defendant owed to the town of Brattleboro the duty of transmitting to the clerk of that town, a list of some stockholders of the bank of which he was cashier, whose stock that town had the right to tax in the years 1866 and 1867, and he did not perform that duty in either of those years. When he thus omitted to do the duty he owed, he committed a wrong to the town. For the omission of that duty, and as reparation of that wrong, the legislature has prescribed a forfeiture of $500 for each neglect. That forfeiture is due the town, irrespective of the

amount of damages actually suffered, or of the defendant's performance of other duties more congenial to his taste, and less derogatory to his sense of omnipotence. *Newman* v. *Waite, supra; Brattleboro* v. *Waite,* 44 Vt. 459.

The opinion of the court was delivered by

PECK, J. It appears that on the trial before the jury, under the general issue not guilty, the defendant objected that he being cashier of a national bank, was not amenable to the statute law of the state creating the duty and imposing the penalty in question. To determine whether the county court erred in law in not recognizing this as a defence, it is proper in the first place to see whether the question of the validity of the statute as against the defendant, was involved in the issue then on trial. This depends on the state of the pleadings. The declaration which is referred to, among other things, sets forth that the defendant, at the time in question, was cashier of the First National Bank of Brattleboro, organized under the act of Congress, &c., located and doing business at Brattleboro. It also alleges the passing of the act of November 9, 1865, by the legislature of Vermont, and recites the sections of the statute creating the duty, the breach of which is complained of, upon all cashiers of national banks and cashiers of all other banks in this state, and imposing a forfeiture of five hundred dollars to the town in reference to which any such cashier shall neglect or refuse to perform that duty. The plea is not guilty. The issue was as to the truth of the declaration, not as to its sufficiency in law. If the plaintiff proved the declaration, he was entitled to a verdict, in the absence of proof of facts on the part of the defendant to obviate it. The statute being recited in the declaration, and the defendant being alleged to be a cashier of a national bank, the validity of the statute was not put in issue by the plea. If the defendant wished to raise the question as to the validity of the statute as applicable to a cashier of a national bank, he should have done it by demurrer to the declaration, or by motion in arrest of judgment after verdict, for insufficiency of the declaration. He had no right to require the court, on the trial before the jury, to entertain and decide a question outside

the issue he had tendered ; and it was not error in the county court to refuse to do it. This court in hearing cases on exceptions, sits as a court of error, to revise such questions only as were properly presented and involved in the decision of the county court ; not such questions as might have been presented by different pleadings. The declaration having alleged that the defendant was cashier of a national bank organized and doing business under the laws of Congress, and having recited the statute of this state prescribing his duty, and imposing the penalty for the breach of it, and the defendant having gone to trial on the general issue, and not having moved in arrest of judgment in the county court, the question of the sufficiency of the declaration, and consequently the question of the validity of the statute of the state as against the defendant, is not before us.

The evidence offered by the defendant and rejected by the county court, was inadmissible. The fact that the bank kept such list of stockholders as required by the laws of Congress, and that the listers, on application to the bank, might have transcribed therefrom such stock as they deemed taxable, and that *in the month of April* in the years in question, they did so, and that the same was duly taxed, cannot be accepted as a legal substitute for the duty imposed on the defendant by the statute, of transmitting the list of stock or shareholders to the town clerk, " together with the amount of money actually paid in on each share on the first day of April in each year," " on *or before the fifteenth day of April* in each year." Affording the listers of a town the means of acquiring by their own labor and efforts, on application to the bank, the information which the statute requires the defendant to transmit to the town clerk, is not a compliance with the statute, even if they availed themselves of such means as offered to be shown. If it is a compliance as to the town of Brattleboro, it must be so as to every other town in the state, however remote from the bank. Such a construction as the defendant's claim implies, would render it necessary for the listers of each town in the state to apply to, and examine the books or lists in, each national bank in the state, to ascertain whether any share or stockholders were taxable in their town. Nor can this evidence be admissible

in mitigation of damages.  If the defendant is liable at all, he is liable for the amount of the penalty imposed by the statute.  The fact that the action is given only to a town in reference to which the defendant shall have been guilty of the neglect or refusal to perform the duty imposed, does not make the penalty divisible, or apportionable according to the amount of damage sustained by the particular town that may bring the suit.  Whether the damage sustained by the particular town in any case, is more or less than the prescribed penalty, the recovery can be neither more nor less than the penalty named in the statute.  Such is the rule in reference to penal statutes, even where the right of action is in terms given only to the party aggrieved.

In this court it is insisted on the part of the defence, that if the defendant had performed the duty required of him by our state statute, it would have been no aid to taxation ; because, it is claimed, our statute of 1865 above referred to, providing for the taxation of shares or stock in national banks, did not conform to the act of Congress relating to the taxation of shares in national banks.  Whether it would be competent for the defendant to interpose such objection if it were well founded in fact, it is not material to decide, as the act of 1865 aforesaid, provides that the stock and shares of all such banking associations shall be set in the list and taxed in the same manner that the stock in the several banks in this state which are chartered under the authority of this state, are liable to be taxed by the existing laws thereof.  It is clear that this provision, taken in connection with the state law existing at the time in question, in reference to taxing bank stock or shares owned by individuals residing in this state, does not conflict with the act of Congress so far as relates to national bank shares owned by residents of this state.  Whether there was any provision in the then existing state law, relating to taxing bank stock or shares owned by persons not residing in this state, or by the bank itself, which was invalid, is not material to the question involved in this case ; for even if so, it would not affect the validity of the provision for taxing shares or stock owned by individuals resident in the state.  The state therefore had a beneficial purpose of promoting legal taxation, to be served by the performance of

the duty required of the defendant. There was no conflict between the state law and the act of Congress, in relation to the place of taxing such bank shares or stock.

None of the objections urged by defendant's counsel, show any error in the rulings of the county court, and the judgment of that court is affirmed.