STATE v. JOSEPH LOUANIS.

October Term, 1906.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, POWERS, and
MILES, JJ.

Opinion filed January 10, 1907.

*Criminal Law—Blackmail—V. S. 4921—Threat Defined—*
*Evidence—Threatening Others—Sufficiency of Indictment*
*—How Questioned After Issue Joined—Motion to Quash*
*—Discretion of Court—Instructions.*

A motion to quash an indictment is addressed to the discretion of the
trial court, and its action thereon is not revisable.

After a respondent has, by his plea of not guilty, joined issue on the
allegations of fact in the indictment, and the jury is empanelled,
any evidence pertinent to the issue is admissible, regardless of
the sufficiency of the indictment, any defect in which can there-
after be taken advantage of only on motion in arrest of judgment.

In a prosecution, under V. S. 4921, for threatening to accuse a certain
man of the crime of adultery with a woman named, with the
intent to extort money, it was proper, as bearing upon the re-
spondent's intent, to allow the State to show by a third person
that, about the same time, the respondent accused him of that
crime with the same woman, and threatened him with imprison-
ment unless he would pay the respondent $20.

In a prosecution for threatening to accuse another person of a crime
with intent to extort money, where before a witness was allowed
to testify for the State to a conversation with the respondent
about the matter charged, the respondent claimed that the conver-
sation was privileged, as he understood at the time that the
witness was his attorney, and at the respondent's request the
witness was given a preliminary examination to determine that
question, at which the respondent neither testified nor offered
to testify, and which resulted in the finding that the relation of
attorney and client did not exist, it was discretionary with the
court whether to re-open that question when the respondent took
the stand in defence, and admit his offered testimony that he

understood that said witness was his attorney; and as the court properly exercised that discretion by excluding the offer, the exclusion is not the subject of exception.

A threat, within the meaning of V. S. 4921, imposing a penalty for threatening to accuse another person of a crime, with intent to extort money, is a menace of such a nature as to unsettle the mind of the person on whom it is intended to operate, and to take from his acts that freedom essential to constitute voluntary consent.

In a prosecution under V. S. 4921, for threatening to accuse another person of a crime, with intent to extort money, the court need not define "extort" to the jury; and it is proper for the court to refuse to charge that the threat must be such as to overcome the will of an ordinarily prudent man, and to leave it to the jury to say whether the threat was calculated to disturb and unsettle a man's mind and give anxiety.

V. S. 4921 is aimed at blackmailing, and a threat of any public accusation is as much within its reason as one of a formal complaint instituting a criminal prosecution.

INDICTMENT, under V. S. 4921, for threatening to accuse another person of a crime, with intent to extort money. Plea, not guilty. Trial by jury at the June Term, 1906, Orange County, *Tyler,* J., presiding. Verdict, guilty; and judgment thereon. The respondent excepted.

The indictment charged that the respondent threatened to accuse one J. H. Tarbox with having committed the crime of adultery with one Mary Jane Brasseaue, a married woman, and the daughter of the respondent. Said Tarbox testified for the State that on January 24 or 25, 1906, and again upon the following Saturday, the respondent accused him of the crime named in the indictment, and said that he had a list of the names of thirty other men who had committed the same crime with his daughter, and that unless the witness would give him $10, he would make trouble for the witness and his wife. Subject to the respondent's objection and exception, the State was allowed to show by one Robert Fulton that on January

24, 1906, the respondent accused him of having committed adultery with the same woman, saying that the witness's name was on his list, and threatened the witness with imprisonment unless he paid the respondent $20 to settle.

Subject to the objection and exception of the respondent, the witness Williams, after the preliminary examination referred to in the opinion, was allowed to testify that, in January, 1896, the respondent told him that he had a list of the names of twenty-one men who had committed the crime of adultery with said woman; that he had seen said Tarbox, who was on the list, and had told him that he would take $10 to settle, and that if Tarbox did not settle, the respondent would have him in jail; that he had also seen said Fulton, who was on the list, and had notified Fulton that he must pay $20 to settle; that he had charged Fulton more, because he was better able to pay.

*Stanley C. Wilson* for the respondent.

The court erred in its charge as to what constitutes a threat within the meaning of the statute, and in refusing to charge in that regard as requested by the respondent. *Rex* v. *Southerton,* 6 East 127; *State* v. *Benedict,* 11 Vt. 236; *Sively* v. *State,* 44 Tex. 274; *Grimes* v. *Gates,* 47 Vt. 594.

*M. M. Wilson,* State's Attorney, for the State.

Evidence tending to show another similar offence committed about the same time and as a part of the same scheme is admissible on the question of intent. *State* v. *Sargood,* 77 Vt. 85; *State* v. *Marshall,* 77 Vt. 262; *People* v. *Molineaux,* 62

30

L. R. A. 193; *State* v. *Kelley*, 65 Vt. 531; *State* v. *Lewis*, 96 Iowa 297.

The question of the competency of the witness, Williams, was for the court, and if there is any evidence tending to support its decision, such decision is final. *Cairns* v. *Mooney*, 62 Vt. 172; *Nelson* v. *First Nat. Bank*, 69 Fed. 798; *Clement* v. *McGinn*, 33 Pac. Rep. 920; *Reynolds* v. *Lounsbury*, 6 Hill 534.

Rowell, C. J.   This is an indictment for threatening to accuse one Tarbox of adultery, with intent to extort money from him.

Pending the plea of not guilty, the prisoner moved to quash the indictment because it did not set out the year when it was found, and was not dated, and because it did not appear on its face when the grand jury was impanelled.

We do not consider whether the motion could be interposed pending the plea, for such a motion is not a right, but is addressed to the discretion of the court, and hence its action thereon is not revisable here. *State* v. *Stewart*, 59 Vt. 273, 284, 9 Atl. 559; Bishop's New Crim. Proceed. §761.

After the jury was impanelled and before any evidence was given, the prisoner objected to the admission of any evidence, for that the indictment was insufficient for the reasons stated in the motion to quash.   But this objection could not avail him, for having joined issue by his plea of not guilty on the allegations of fact in the indictment, any evidence pertinent to the issue was admissible. *Barney* v. *Bliss*, 2 Aik. 60; *Chase* v. *Holton*, 11 Vt. 347; *Briggs* v. *Mason*, 31 Vt. 438, 439; *Newman* v. *Wait*, 46 Vt. 689.

The objection to evidence because the indictment did not show that the crime was committed in the county nor even in

the State, is disposed of on the same ground. The prisoner should have raised the question by a motion in arrest.

The testimony offered to show that the prisoner made similar threats to others, was admissible, to show that the threats charged were made with the intent alleged.

Mr. Williams testified for the State to a conversation with the prisoner about the matter charged. The prisoner claimed that the conversation was privileged, as he understood at the time that Williams was his attorney. To determine the question of privilege, Williams was given a preliminary examination at the request of the prisoner, but at which he did not testify nor offer to testify. The court found from Williams's testimony, and rightly, that the relation of attorney and client did not exist, and Williams was permitted to testify. When the prisoner took the stand in defence, he offered to testify that he understood that Williams was his attorney. But the competency of Williams having been inquired into and passed upon and his testimony admitted, it was discetionary with the court whether to reopen the question and admit the testimony; and it properly exercised that discretion by excluding it, which is not the subject of exception. The other objections to Williams's testimony are not sustained.

We cannot hold that a threat of accusation otherwise than by course of law, is not within the statute. The statute is aimed at blackmailing, and a threat of any public accusation is as much within the reason of the statute as a threat of a formal complaint, and is much easier made, and may be quite as likely to accomplish its purpose. There is nothing in the statute that requires such a restricted meaning of the word "accuse"; and to restrict it thus, would well nigh destroy the efficacy of the act. There are, seemingly, but few cases on this question,

and those to which we are referred are not so very much in point, because of the difference between the statutes there involved and our statute; but they may be referred to for what they are worth. *Rex* v. *Robinson,* 2 Moody & Rob. 14; *Regina* v. *Redman,* 10 Cox C. C. 159; *People* v. *Braman,* 30 Mich. 460, where the question is discussed *pro* and *con* but not decided; *People* v. *Frey,* 112 Mich. 251, where it is alluded to but neither discussed nor decided; *State* v. *Lewis,* 96 Iowa 286; and *State* v. *Debolt,* 104 Iowa 105.

The prisoner excepted to the refusal of the court to charge that the threat must be such as to overcome the will of an ordinarily prudent man, and to the charge as given on that subject. The court left it to the jury to say whether the threat was calculated to disturb and unsettle a man's mind and give anxiety; whether it was calculated to disturb a man and unsettle him—overcome his mind. This fulfilled the requirement of the law. A threat is well defined to be a menace of such a nature as to unsettle the mind of the person on whom it is intended to operate, and to take away from his acts that free, voluntary action which alone constitutes consent. 28 Am. & Eng. Enc. Law, 2d Ed., 141. Bouvier says that the threat must be such as to operate to some extent, at least, on the mind of the one whom it was intended to influence.

It was not necessary for the court to define "extort" to the jury. It is a common word, used in the statute in its ordinary sense, and the court might well assume that the jury understood it.

*Judgment that there is no error in the proceedings of the county court, and that the prisoner take nothing by his exceptions.*