STATE *v.* WINDSOR SCHOOLCRAFT.

May Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 3, 1939.

*P. C. Warner* for the respondent.

*Frederick Bedard, Jr.,* State's Attorney, for the State.

MOULTON, C. J.   The respondent has been convicted of the offense of operating a motor vehicle while under the influence of intoxicating liquor, contrary to the provisions of P. L. 5153, and has brought the cause to this Court on exceptions.

The officer who made the arrest testified concerning the respondent's inebriated condition and said that, after taking him to a physician for examination, he brought him to the jail.   On cross-examination the witness was asked: "And did you make any complaint against him at that time?"   Upon objection by the State the question was excluded, subject to respondent's exception.   The offer was that the evidence would tend to show that the officer was not certain what offense ought to be charged against the respondent, since the record indicated that no warrant was issued until two days after the arrest.

██ ██ While a reasonable opportunity to show in cross-examination that a witness is unreliable, prejudiced or biased is a matter of right and much latitude is to be allowed in this line, the extent to which it shall be permitted to proceed rests largely in the sound discretion of the trial court, whose action will not be revised here unless an abuse of that discretion is shown, and, the contrary not appearing, it will be taken that the ruling was

396

made as a matter of discretion. *State* v. *Long*, 95 Vt. 485, 491, 115 Atl. 734; *State* v. *Fairbanks*, 101 Vt. 30, 34, 139 Atl. 918. The offered evidence had only remote bearing upon the issue, and was speculative in nature. We find no abuse of discretion, and the exception is not sustained.

The respondent excepted to a remark made by the State's attorney in argument to the jury, wherein he said in substance that the defense was sympathy. The ground as stated was merely that the remark was "highly improper." An exception to an argument claimed to be improper, must not only state the language objected to, but also specifically the ground of the objection, so that the court may know upon what it is called upon to rule. *Usher* v. *Severance*, 86 Vt. 523, 531, 86 Atl. 741; *Miles* v. *Vermont Fruit Co.*, 98 Vt. 1, 16, 124 Atl. 559. An objection that an argument is improper, without informing the court in what the alleged impropriety consists, is not sufficiently explicit to apprize the court of the real point of it. *Higgins* v. *Metzger*, 101 Vt. 285, 296, 143 Atl. 394. No reason for an exception except that stated in taking it, will be considered in review. *McAllister* v. *Benjamin*, 96 Vt. 475, 490, 121 Atl. 263. For this reason the exception is unavailing.

Aside from this, and assuming the impropriety, prejudice does not affirmatively appear, as it must, if the exception is to be sustained. *Laferriere* v. *Gray*, 104 Vt. 366, 370, 371, 160 Atl. 270. Whether an error in an argument requires a reversal is so affected by the circumstances that there is little profit in comparing one case with another. *Russ* v. *Good*, 92 Vt. 202, 207, 102 Atl. 481; *State* v. *Parker*, 104 Vt. 494, 500, 162 Atl. 696. The testimony of the officer who made the arrest, two other officers who saw the respondent immediately thereafter, and the physician who examined him at that time, was that he smelled strongly of liquor and was unsteady on his feet, his eyes were glassy and his speech incoherent. All agreed in saying that he was intoxicated. Against this was only the testimony of the respondent, who, while admitting that he had spent the three hours just previous to his arrest in a bar room, and to the consumption of three or four bottles of beer, insisted that he felt no effect from his potations. Under these circumstances we are not satisfied that his rights were injuriously affected by the remark of the State's attorney. *Russ* v. *Good, supra.* *Judgment affirmed.*