STATE OF VERMONT *v.* ELZEAR QUESNEL.

(69 A2d 6)

October term, 1949.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, J.J.

Opinion filed November 1, 1949.

*William S. Burrage* for the respondent.

*John A. Calhoun,* State's Attorney, and *Clifton G. Parker,* Attorney General, for the State.

SHERBURNE, C. J.   The respondent has been found guilty of the offense of operating a motor vehicle while under the influence of intoxicating liquor, contrary to the provisions of V. S. 10, 287, Rev. of 1947, and the cause has been brought to this Court upon exceptions.

The officer who made the arrest testified concerning the inebriated condition of the respondent.   On cross-examination he was asked if he had had some personal difficulty with the respondent or his family, and he answered, "No. Sir".   He was then asked: "Did you ever have any difficulty with his brother?" Upon objection by the State this question was excluded, subject to the respondent's exception.   The offer was. that the respondent in-

tended to show that the respondent's brother rented an apartment to the witness, and that he asked the witness to leave the apartment, and he refused to do so, and that it was necessary to bring an ejectment suit to get him out, and that the respondent believed and intended to show that there was bias on the part of the witness against the respondent because of the difficulty he had with his brother.

While a reasonable opportunity to show in cross-examination that a witness is unreliable, prejudiced or biased is a matter of right and much latitude is to be allowed in this line, the extent to which it shall be permitted to proceed rests largely in the discretion of the trial court, whose action will not be revised here unless an abuse of that discretion is shown, and, the contrary not appearing, it will be taken that the ruling was made as a matter of discretion. *Holton Estate* v. *Ellis,* 114 Vt 471, 479, 49 A2d 210; *State* v. *Schoolcraft,* 110 Vt 393, 8 A2d 682; *State* v. *Fairbanks,* 101 Vt 30, 34, 139 A 918; *State* v. *Long,* 95 Vt 485, 491, 115 A 734. At the most the offer seeks to infer bias of the witness toward the respondent upon an inference of bias toward respondent's brother on the basis of family relationship alone, and with no offer to show a particular basis for extending any possible bias against the brother to include the respondent. So far as appears from the offer and from the portion of the transcript furnished to us, the respondent and his brother may be living apart from each other in separate households. The respondent has a son old enough to drive an automobile, and his brother is a property owner. It is a mere matter of speculation under the offer as to whether any such trivial matter as that mentioned in the offer created any bias in the witness against the respondent. We find no abuse of discretion, and the exception is not sustained. This is the only exception briefed.

Since the county court passed the cause here without entering judgment upon the verdict and passing sentence, the cause now stands for judgment and sentence in this Court.

*Judgment of guilty upon the verdict. Let sentence pass and execution be done.*