## Petition of Roland Garceau v. State of Vermont

[ 236 A.2d 661 ]

October Term, 1967

Present: Holden, C.J., Shangraw, Barney and Smith, J.J.

Opinion Filed December 5, 1967

*Louis Lisman* for petitioner.

*Patrick J. Leahy,* State's Attorney, *Alan W. Cheever,* Assistant Attorney General, for the State.

**Holden, C.J.** These proceedings were instituted by petition of Roland Garceau to the Chittenden County Court to obtain post conviction relief under provisions of 13 V.S.A. §§7131-7137. His motion seeks to vacate a judgment of conviction and sentence by the Chittenden County Court on January 6, 1964, on three grounds:

1. The prosecutor was not a resident of the County, as required by statute.
2. The prosecutor did not take the oath of office required by statute.
3. Before the defendant was convicted, he was asked in open court if he had anything to say before sentence was passed; and this upset him "to the point of pleading guilty on advice of counsel as he did not believe he could have a trial when sentence was to be imposed without a conviction."

Competent counsel was assigned to represent the petitioner. He was present with counsel at the hearing of his petition. The evidence presented to the court was confined to the first two claims asserted in the complaint.

On these issues the court determined that the petitioner was sentenced to confinement at the state prison on a prosecution that was commenced by information by the state's attorney for the County of Chittenden. The court further found that on September 10, 1962, the Attorney General had requested the governor to appoint Richard E. Davis, Esq., of Barre, special assistant attorney general to act in behalf of the State in numerous criminal prosecutions then pending in Chittenden County. In response to this request, Mr. Davis was appointed and undertook the prosecution of the charges filed against the petitioner.

On the date the case was set for trial the petitioner entered a plea of guilty to the information. The petitioner raised no question as to the status of Mr. Davis, either at the time he entered the plea of guilty to the information or at the time of sentence.

On these facts the lower court stated it was unable to find that the rights of the petitioner had been violated and his petition was dismissed on August 3, 1966. Acting in his own behalf, the petitioner filed timely notice of appeal and ordered a copy of the transcript of

the proceedings. Thereafter the attorney, assigned to represent the petitioner at the hearing, requested and .was granted permission to withdraw. Another attorney was appointed to represent the petitioner in this appeal.

Counsel has advanced no argument in this Court to question the standing and status of the special prosecutor in the petitioner's conviction. However, the petitioner has taken it upon himself to file a separate brief, addressed to points one and two of his petition, claiming lack of authority on the part of the prosecuting officer constitutes a jurisdictional defect, rendering his conviction void.

■ The very question, which the petitioner has seen fit to raise outside the brief of his counsel, was examined in the companion petition of Roger S. Dusablon. We see no occasion to discuss the question further, other than to state that the decision in that case is full authority for holding that the petitioner's plea of guilty and the judgment and sentence which followed, are not legally defective by Mr. Davis' participation as special prosecutor in the cause. *Petition of Dusablon,* 126 Vt. 362, 230 A.2d 797, 800.

The remaining question is advanced by petitioner's counsel. It is his contention that the lower court was required to examine and determine the third claim of the petition to vacate the conviction, even though no evidence was offered and this issue was not argued at the hearing.

The purport of the allegation is not entirely clear. However, counsel's brief refers to the record of the proceedings at the time the petitioner changed his plea and sentence was imposed. The attorney, who represented the petitioner in the criminal prosecution, addressed the trial court:

MR. HARRINGTON. Mr. Garceau desires to change his plea to those four counts.

THE COURT. You may call on the Respondent, Mr. Clerk.

CLERK ROUSSEAU. You have heard what has taken place here so far. I now ask you before this Court pronounces sentence on you whether or not you have any communication.

THE COURT. No. Whether or not you wish to withdraw your plea of "Not Guilty" to the four counts which was entered in this Court on December 16, I believe it was, 1963?

RESPONDENT. Yes.

THE COURT. What plea do you say?
RESPONDENT. Guilty.
THE COURT. To the four counts?
RESPONDENT. Yes.
THE COURT. You may be seated. What do you say about sentence, Mr. State's Attorney?

It appears to be the petitioner's claim that the fact the clerk inquired if he had anything to say before the pronouncement of sentence, upset him and induced him to involuntarily follow his attorney's advice to plead guilty. He asserts this course was pursued on the mistaken belief that he was no longer entitled to a trial at this stage of the proceedings.

The irregularity, of which the petitioner complains, was corrected. After hearing the state's attorney and counsel for the petitioner on the matter of sentence, the respondent was afforded a second opportunity to communicate with the court.

THE COURT. You may call on the Respondent.
CLERK ROUSSEAU. If the Court please, I hope you will overlook the inaccuracy of the original question I asked. At this time I ask, do you have a communication you desire to make to this Court before sentence is pronounced upon you? ·
RESPONDENT. No.

The petitioner testified in support of the first two points of his petition. His testimony did not reach point three and he made no mention of being upset or misled at the time he pleaded guilty.

Despite the absence of any evidence to support the claim that his plea was unknowingly and involuntarily made, he now contends that since the issue was raised in his application, it required an adjudication. He urges that the court should have intervened to require presentation of the claim at the hearing. This argument is based on the decision in *Anders* v. *State of California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (May 8, 1967).

We understand that decision was concerned with the right of an indigent respondent to the assistance of counsel at the appellate stage of the proceedings and the duty of the reviewing court in determining whether an appeal from a conviction is frivolous. These matters are beyond the reach of the case before us. We find nothing in

the *Anders* case to support the contention advanced here. And we find no duty on the lower court, in entertaining an application for post conviction relief, to assume the burden of pursuing a claim which the petitioner, aided by competent counsel, has abandoned. The record does not justify such intrusion in the instant case.

 Beyond that, we take judicial notice of the fact that the validity of the petitioner's plea of guilty before the Chittenden County Court, to the charges in question, was before this Court on his prior petition for a writ of *habeas corpus* in the case of *In re Garceau,* 125 Vt. 185, 212 A.2d 633 (1965). *Lariviere* v. *Larocque,* 105 Vt. 460, 462, 168 A. 559, 91 A.L.R. 1514. The merits of the petitioner's claims of ignorance and misunderstanding, in changing his plea in Chittenden County Court on January 6, 1964, were thoroughly presented and litigated with the assistance of competent counsel in a full evidentiary hearing before a commissioner appointed by this Court for that purpose. Insofar as his present petition seeks to reopen these questions, it is a repetitive application. Dismissal of this aspect of the petition was justified under the provisions of 13 V.S.A. §7134.

*Order affirmed.*