## State of Vermont v. Raymond Baril

[ 250 A.2d 732 ]

December Term, 1968

Present: Holden, C.J., Shangraw, Barney and Keyser, JJ.

Opinion Filed February 4, 1969

*Joseph C. Palmisano,* State's Attorney, for the State.

*Monte & Monte* for the Defendant.

**Holden, C.J.** The respondent Raymond Baril was halted on Interstate Highway 89 by state police officer Willard Gove for exceeding the speed limit prescribed for that thoroughfare. After a brief conference with the respondent, the officer informed the respondent that he would discuss the matter with the state's attorney and he would be notified if he was to appear in court. A week later the respondent was notified, by registered mail, to appear before the district court on April 18, 1967, to answer to the charge of exceeding the speed limit.

When the respondent appeared in court at the time indicated in the summons, the state's attorney presented an information upon which a warrant issued. It alleged "that Raymond Baril of Barre in the County of Washington at Middlesex on to wit, the 6 day of April 1967; did then and there operate a motor vehicle, to wit, an automobile, upon the public highway, to wit, the public highway known as Interstate 89, at a rate of speed in excess of the established speed limit, to wit, 65 miles per hour, contrary to regulations governing use of the Interstate highway; contrary to the form of the statute, in such case made and provided, and against the peace and dignity of the State."

To this charge the respondent entered a plea of not guilty. In the trial that followed, the jury found the respondent guilty. After verdict, the respondent requested the trial court to dismiss the information as being insufficient to sustain a judgment of conviction. He also moved to set aside the verdict and asked the court to order a new trial. To the denial of these motions the respondent appeals.

Under the prevailing rule in this jurisdiction, after a verdict of guilty has been returned, a motion to arrest the judgment of

conviction is the proper instrument to reach substantial and fatal defects in an indictment on information. *State* v. *Parker*, 123 Vt. 369, 370, 189 A.2d 540; *State* v. *Gosselin*, 110 Vt. 361, 365, 6 A.2d 14. Deficiencies which extend only to the form or detail in which the offense is charged are waived unless challenged by appropriate motion in the preliminary stages of the proceedings. *Breese* v. *United States*, 226 U.S. 1, 33 S.Ct. 1, 57 L.Ed. 97, 98; *State* v. *Colby*, 98 Vt. 96, 97, 126 A. 510; *State* v. *Louanis*, 79 Vt. 463, 466, 65 A. 532; 41 Am. Jur. 2d, Indictments and Informations, §299.

Thus our concern is whether the shortages, of which the respondent complains, are critical and of such dimension as to render the information insufficient to sustain the verdict and judgment of conviction. His contention in this respect is twofold. First, it is urged that the information fails to allege any statutory offense, thereby depriving the defense of the opportunity of adequately preparing for trial. Secondly, he asserts that if the prosecution is based on 23 V.S.A. §1141, it falls within an exception of that statute which was not specially pleaded.

Section 1141 of the motor vehicle law provides—"Outside the limits of a city or incorporated village, the maximum rate of speed on all public streets and highways, except the national system of interstate and defense highways, for a motor vehicle shall be fifty miles per hour." The same section further provides that a traffic committee, consisting of the commissioners of highways, public safety and motor vehicles, after public notice, may establish different speed limits at intersections and other designated areas along such highways.

A criminal complaint based on section 1141, which alleges a rate of speed less than the maximum rate provided in that section, must specify the restricted area and the applicable speed limit as regulated by the traffic committee. *State* v. *Snyder*, 123 Vt. 367, 368, 189 A.2d 535. See also *State* v. *Pelletier*, 123 Vt. 271, 272, 185 A.2d 456.

Section 1010 of the motor vehicle law provides that the same traffic committee named in section 1141, upon proper notice and hearing, shall have exclusive authority to regulate speed limits on the national system of interstate and defense highways in Vermont. No statutory limit is imposed and no exceptions to the regulations of the committee are indicated.

■ The language of the information, in specifying "Interstate 89, at a rate of speed in excess of the established speed limit, to wit, 65 miles per hour, contrary to regulations governing use of the Interstate highway—" takes the present prosecution beyond the reach of 23 V.S.A. §1141. It places it squarely within the application of 23 V.S.A. §1010.

■ It is sufficient to inform the accused of the place, the nature and cause of the accusation presented against him. The facts alleged are entirely adequate to direct him to the particular statute upon which the charge was laid, without any impairment to the preparation of his defense. *State* v. *Margie,* 119 Vt. 137, 141, 120 A.2d 807; *State* v. *Wersebe,* 107 Vt. 529, 532, 181 A. 299.

In this connection, it is noteworthy that the respondent's counsel availed him of extensive pre-trial examination of the arresting officer, presumably under 13 V.S.A. §§6721-6727. All of the facts and circumstances of the offense were explored in depth. In this light, the contention that the defense was unable to adequately prepare for trial is not persuasive.

The respondent's motion to dismiss contended also that he was illegally arrested. He has enlarged the point to urge that the method adopted by the state police officer, in issuing a written summons to appear in district court, was contrary to law and requires a dismissal of the prosecution.

■ It appears in the record that the summons was issued under the provisions of 23 V.S.A. §1605. At the time of its issuance and receipt by the respondent, no arrest had been made. This provision of the motor vehicle law contemplates no arrest until the person so summoned has been informed against by a complaint of a qualified grand juror or state's attorney and a proper warrant has been issued.

■ The argument that the officer was required to issue the summons at the time he halted the offender's vehicle on Interstate 89, confuses a summons under the motor vehicle law, with an officer's complaint and arrest, for a misdemeanor without a warrant under 13 V.S.A. §5507. The record shows no cause for dismissal of the prosecution on the reasons assigned.

The defendant's remaining assignment of error concerns the denial of his motion to set aside the verdict and his request for a new trial.

His claim of prejudice is based on remarks of the presiding judge and the state's attorney during the trial.

Our examination of the record indicates no objections were made to the statements, of which he now complains, at the trial. And no motion for mistrial was asserted until after the verdict was returned.

■ Comments during trial, whether made by the judge or counsel, which a party regards as prejudicial, should be immediately brought to the court's attention. If harm is claimed, the fault should be indicated to afford the court the opportunity to deal with the incident by proper instructions at the time of its occurrence. *State* v. *Schoolcraft,* 110 Vt. 393, 396, 8 A.2d 682; *State* v. *Malnati,* 109 Vt. 429, 432, 199 A. 249; *State* v. *Marino,* 91 Vt. 237, 241, 99 A. 882.

■ Since it is the duty of both court and prosecutor to conduct the trial with complete fairness, we have referred to the record and examined the claim of prejudice. See *State* v. *Hedding,* 122 Vt. 379, 385, 172 A.2d 599. In the main, they concern an objection by the respondent that regulations establishing the limits on the interstate system were not subject to judicial notice. The court ruled it would take judicial notice that the speed limit is sixty-five miles per hour on the Interstate, under regulations promulgated under authority of 23 V.S.A. §1010. The respondent insisted on more adequate foundation. In the discourse on this point, the court inquired of counsel "You want to prove it the hard way?" Counsel answered in the affirmative. The judge changed his ruling. In so doing, he made further reference to the resulting delay. This was uncalled for and inappropriate. See *State* v. *Hedding, supra,* 122 Vt. 379, 385, 172 A.2d 599. Equally so was counsel's continuing resistance to the court's first ruling, which seemed to be correct in the light of *Smith* v. *Highway Board,* 117 Vt. 343, 347, 91 A.2d 805.

Later in the trial an argument developed concerning the officer's statement in the pre-trial deposition that certain police records would be available at the trial. Some unseemly and discourteous remarks were made by the prosecutor that the trial court might well have struck down with appropriate cautionary instructions. *Hall* v. *Fletcher,* 100 Vt. 210, 213, 136 A. 388. In any event, the production of the records was made unnecessary by consent of both attorneys. And it appears that the offending remarks were more detrimental to the State's case than harmful to the defendant.

 The respondent also refers us to certain statements by the State's Attorney, in argument to the trial court, in opposition to the motion for a new trial. The hearing on this motion was several weeks after the jury had been discharged. The objectionable part of the argument is not specified, but it could not have adversely affected the verdict. No prejudice has been shown.

In cross-examining Officer Gove, the respondent inquired concerning the total number of arrests the officer had made during a three-month period. The State's objection to the question was sustained. The respondent then offered to show that one of the factors considered in a state police officer's promotion was the number of his arrests in a given period. The respondent contends the exclusion of the line of inquiry was prejudicial.

 A reasonable opportunity to develop, by cross-examination, that a witness is unreliable, interested or biased, is a matter of right. But the permissible limits and scope of the inquiry rests largely in the sound discretion of the trial court. Its control of cross-examination will not be revised on appeal, unless an abuse of discretion is demonstrated. *State* v. *Schoolcraft, supra,* 110 Vt. at 396, 8 A.2d 682.

 The subject, which the respondent tried to present to the jury, was entirely foreign to the issue of the speed of the respondent's vehicle at the time and place alleged. It was remote and speculative in its bearing on the officer's interest in the outcome of the trial. The question was properly excluded. *State* v. *Long,* 95 Vt. 485, 488, 115 A. 734. The claim of error is not sustained.

*Judgment affirmed.*