## State of Vermont v. Raymond Provencher

[270 A.2d 147]

No. 149-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 6, 1970

*Robert I. Tepper,* State's Attorney, and *Stephen L. Klein,* Assistant State's Attorney, for the State.

*Edward R. Zuccaro,* St. Johnsbury, for Defendant.

**Smith, J.** On April 17, 1968, the respondent, represented by competent counsel, entered a plea in the Vermont District Court at Rutland to the crime of escape. He was given a sentence of not less than three nor more than five years in the House of Correction at Windsor by the presiding judge of said court. No notice of appeal was filed from this conviction by the respondent or his attorney.

The records before us, as well as the records of our own Court, establish that the respondent brought a former petition for post-conviction relief before the Rutland County Court seeking to vacate the sentence which he is now serving. The petition was denied by the Rutland County Court, and upon appeal to this Court the judgment denying the petition to vacate the sentence was affirmed. *In re Raymond Provencher,* 127 Vt. 558, 255 A.2d 180. In the intervening time between the petition for post-conviction relief brought by respondent in the former case before us, and the filing of the present petition before the Rutland County Court, the record here establishes that the respondent brought two different petitions for *habeas corpus,* one in the Windsor County Court and the other in the Rutland County Court, both of which were denied.

The present petition for post-conviction relief, brought before the Rutland County Court, resulted in an order from the lower court denying the relief prayed for and dismissing the petition without affording the respondent a hearing. The lower court stated in its order of October 24, 1969 that such order was made under the provisions of 13 V.S.A. Sec. 7134:

> "The court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

There can be no dispute that the relief sought by the respondent in each of the said petitions was the same, which was the setting aside of his conviction and the vacating of the sentence imposed by the sentencing court.

The respondent, by his appointed attorney, and *pro se*, has presented briefs alleging error on the part of the court below. The first of his contentions is that the lower court failed to assign him counsel to represent him in prosecuting his motion to vacate sentence, and afford him a hearing upon receipt of his petition in the Rutland County Court. No request was made by the respondent in his petition to the Rutland County Court for the assignment of counsel in his behalf. If the lower court was correct in its ruling that it was not required to entertain the motion filed for the respondent, so that no hearing was required, then it follows that he did not need the assistance of counsel. For the reason that the petition of the respondent presents only questions of law, which questions are now before this Court where he is represented by competent counsel, then error, if any, by the court below in not appointing counsel, is fully correctible in these proceedings. The respondent, fully represented here, has offered for consideration here all of the same questions that could have been presented below if hearing had been allowed. See Maine Rules of Criminal Procedure.

 While the relief sought in both the present and former petitions for post-conviction relief is the same, that is, the setting aside of the conviction of the respondent and the vacating of the sentence which he is presently serving, the grounds presented for such relief differ. In the original petition, considered in *In re Raymond Provencher, supra,* it was the argument of respondent that his detention at the time of his escape was itself illegal. The ground set forth in the petition now before us is that the information against the respondent, upon which he plead guilty and was sentenced in the Rutland District Court, was so defective as to deprive the District Court of jurisdiction.

The respondent contends that (1) the information and warrant issued against him was ambiguous and lacking of particularity as to the essential elements of the crime to escape in failing to aver in requisite detail sufficient facts to constitute a criminal offense against the laws of Vermont. First, says the

respondent, it does not sufficiently enumerate the facts constituting the state of being in lawful custody, and second, the information does not sufficiently state the facts constituting the act of escape.

██ The question now sought to be presented here could have been presented in this Court before final judgment under the provisions of 12 V.S.A. Sec. 2386. Further, under the prevailing rule in this jurisdiction, after a verdict of guilty has been returned, a motion to arrest the judgment of conviction is the proper instrument to reach substantial and fatal defects in an indictment or information. Deficiencies which extend only to the form or detail in which the offense is charged are waived unless challenged by appropriate motion in the preliminary stages of the proceedings. *State* v. *Baril*, 127 Vt. 394, 397, 250 A.2d 732. Although represented by competent counsel at the time of his plea of guilty to the information and warrant in the Rutland District Court, about which he now complains, the respondent took no advantage of the procedures above specified for relief which he now seeks in his petition. But if he had taken the proper procedure to bring before this court the claimed defects in the information, it would have been of no avail. The information to which the respondent entered a plea of guilty was couched in the following language:

> "Raymond Norman Provencher of Portland, in the County of Cumberland, State of Maine, at Rutland, in the County of Rutland, on to wit, the 4th day of April, 1968, did then and there escape from Rutland County Jail, while in lawful custody."

The statute, under which the information was filed is in two parts. The first section refers to "escapes or attempts to escape from an officer while in lawful custody prior to confinement by an order of the court . . ." and obviously was not applicable to the escape made by the respondent from a jail. The second section is (b) "A person, except a person in violation of subsection (a) of this section who escapes or attempts to escape from an officer or a penal institution while in lawful custody of either, or who, being confined directly or indirectly breaks open or attempts to break open such place of confinement. . . ."

■ The Court will take judicial notice that the Rutland County Jail was a penal institution under the laws of Vermont at the time named in the information. The respondent can hardly claim that he was not in lawful custody when he was confined in such institution, nor that the information against him did not properly set forth that fact. There was no ambiguity in an information which stated that he did escape from such institution while under lawful custody. The information properly set forth the nature and cause of the accusation against him, nor could there be any possible doubt that it was under section (b) of 13 V.S.A. Sec. 1501.

The information was "sufficient to inform the accused of the place, the nature and cause of the accusation presented against him. The facts alleged were entirely adequate to direct him to the particular statute upon which the charge was laid, without any impairment to the preparation of his defense." *State* v. *Baril, supra,* p. 98.

The respondent has failed to show in his second petition for relief from confinement anything that he could not have raised in his first petition for such relief filed in the Rutland County Court.

*Order affirmed.*

**Holden, C.J.,** concurring. I concur in the result reached in the majority opinion for the reason that the petition fails to state an adequate ground for post-conviction relief. It should be pointed out, however, that in this instance the petitioner, while in the lower court, made no request for assignment of counsel. Neither did he claim indigency nor ask to be present in court at the time his motion to vacate was advanced for consideration. The preliminary screening process, conducted by the court at that time, apparently led it to the conclusion that the application came within the provisions of 13 V.S.A. § 7134. At least that is the section cited as authority for dismissal. This section provides that the court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

In dealing with repetitive applications, the finality of a prior judgment is an affirmative defense to be pleaded and proved by the State. *Sanders* v. *United States,* 373 U.S. 1, 10 L.Ed.2d 148, 162; Minimum Standards Relating to Post-

Conviction Remedies §§ 6.1, 6.2. The function of those representing the State, by way of answer and reference to the record of conviction, should aid in defining the issues. And such response should provide assistance to the court in determining whether the application is indeed frivolous. *Idem.* Commentary pp. 57–59.

Traditional concepts of *res judicata* have been held inapplicable to post-conviction proceeding where a prisoner's fundamental rights are at stake. *Sanders* v. *Unites States, supra,* 373 U.S. 1, 10 L.Ed.2d 148, 157; *In re Turner,* 92 Vt. 210, 214, 102 A. 943. But finality, as distinguished from the particular rules of *res judicata,* is of vital significance in the administration of criminal justice. "Both the individual criminal defendant and society have an interest in insuring that there will at some point be the certainty that comes with an end to litigation, and that attention will ulimately be focused not on whether a conviction was free from error but rather on whether the prisoner can be restored to a useful place in the community. It is with this interest in mind, as well as the desire to avoid confinements contrary to fundamental justice, that courts and legislatures have developed rules governing the availability of collateral relief." *Sanders* v. *United States, supra,* 10 L.Ed.2d at 167.

The federal post-conviction statute contains substantially the same language used in section 7134. 28 U.S.C. § 2255. The Supreme Court held this language cannot be taken literally. The Court went on to establish the rule that the denial of a prior application shall be controlling "only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." *Sanders* v. *United States, supra,* 10 L.Ed.2d at 160, 161.

Our statute has essentially the same force and effect. It does not mean that the first application bars, with total finality, all grounds that otherwise might justify post-conviction relief. Only those factual or legal contentions actually adjudicated or questions which the applicant knew of, but deliberately, or without adequate excuse, failed to raise either in the proceeding which led to his conviction or in prior post-con-

viction proceedings are foreclosed. Minimum Standards Relating to Post Conviction Remedies, *supra,* §§ 6.1, 6.2, pp. 85–94. See also, *Garceau* v. *State of Vermont,* 126 Vt. 516, 519, 236 A.2d 661.

The question of the sufficiency of the information was not raised in the plaintiff's appeal on his earlier motion. *In re Provencher, supra,* 127 Vt. 558, 255 A.2d 180. The order of the county court, in dismissing the application, cannot be sustained on the strength of section 7134 in the absence of an affirmative showing by the State that the contention now advanced was presented or inexcusably withheld in the prior proceedings.

However, the order of dismissal does not stand on section 7134 alone. Apparently the court below was also persuaded that the motion, files and records of the case conclusively show that the petitioner is not entitled to the relief requested. I believe this aspect of the order is well founded.

Defects in an information, which are open to objection and correction within the framework of orderly criminal procedure, are not subject to collateral review in post-conviction proceedings. *In re DeCelle,* 125 Vt. 467, 469, 218 A.2d 714; *In re Greenough,* 116 Vt. 277, 281, 75 A.2d 569. In this instance the complaint identified the respondent and alleged the time and place of the escape with sufficient certainty to enable the accused to intelligently prepare his defense and protect himself against double jeopardy for the same offense. *State* v. *Baril,* 127 Vt. 394, 398, 250 A.2d 732; *State* v. *Wersebe,* 107 Vt. 529, 534, 181 A.2d 299. In these respects, the information meets the demands of both state and federal constitutions. *State of Vermont* v. *Barr,* 126 Vt. 112, 119, 223 A.2d 462; *Hodgson* v. *Vermont,* 168 U.S. 262, 42 L.Ed. 461, 463, affirming *State* v. *Hodgson,* 66 Vt. 134, 149, 28 A. 1089.

I am authorized to state that all members of the Court are in accord with the views expressed in this concurring opinion.