## State of Vermont v. John C. Baldwin

[442 A.2d 1291]

No. 273-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed February 2, 1982

*Michael J. Sheehan*, Windsor County State's Attorney, and *Susan L. Fowler*, Deputy State's Attorney, White River Junction, for Plaintiff.

*John C. Baldwin*, pro se, Rutland, Defendant.

**Per Curiam.** The defendant appeals from his conviction by

the Windsor District Court on charges of speeding in violation of 23 V.S.A. § 1003. We affirm.

The State's sole witness at trial was the arresting police officer. The officer testified that he had clocked the defendant's car on a radar device at sixty miles per hour in a fifty miles per hour zone. The officer also said that he had calibrated the radar device both before and after stopping the defendant. Finally, the officer stated his qualifications to operate the radar device as ten hours of classroom training and 900 hours of field experience.

The defendant raises two arguments for reversal. First, he asserts that the trial court erred in restricting cross-examination of the police officer. At the time of arrest, the defendant asked the officer to calibrate his radar device. The officer refused. At trial, the defendant asked the officer: "Can I ask you why you didn't want to calibrate it for me at [the time of arrest]?" The appellant challenges the court's ruling that the question is immaterial.

 The scope of cross-examination is determined by the trial court, and will not be disturbed on appeal, absent an abuse of discretion. See *State* v. *Baril*, 127 Vt. 394, 400, 250 A.2d 732, 736 (1969). In this case, there appears to be no abuse of discretion.

 The appellant's second contention is that the police officer had been inadequately trained in the use of radar. This argument is not supported by the evidence. The officer testified, without challenge, that he had both classroom training and extensive field experience in the operation of radar. Based on his training and expertise, he was amply qualified to operate the device, and to testify as an expert. See *O'Bryan Construction Co.* v. *Boise Cascade Corp.*, 139 Vt. 81, 89–90, 424 A.2d 244, 248 (1980); *Northern Terminals, Inc.* v. *Smith Grocery & Variety, Inc.*, 138 Vt. 389, 392–93, 418 A.2d 22, 24 (1980). Thus, any objections of the defendant to the officer's qualifications simply concerned the weight of the officer's testimony, which was a question for the trier of fact.

*Affirmed.*