## McNULTY v. CALIFORNIA.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 1253. Submitted May 1, 1893. — Decided May 15, 1893.

The decision of the Supreme Court of California that McNulty should be punished under the law as it existed at the time of his conviction, involved no Federal question.

It was settled in *Hurtado* v. *California*, 110 U. S. 516, that the words "due process of law" in the Fourteenth Amendment do not necessarily require an indictment by a grand jury in a prosecution by a State for murder, whose constitution authorizes such prosecution by information.

When the record in a case brought by writ of error from a state court fails to show that a right, privilege or immunity claimed under the Constitution or a treaty or statute of the United States was set up or claimed, and was denied in the state court, this court is without jurisdiction to review the judgment of the state court in that respect.

THIS was a motion to dismiss. The case is stated in the opinion.

*Mr. William H. H. Hart*, Attorney General of the State of California, for the motion.

*Mr. Carroll Cook* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the Court.

Plaintiff in error was tried for the murder of one Collins on March 25, 1888, convicted and sentenced to be hanged. From the judgment of conviction he prosecuted an appeal to the Supreme Court of the State of California, which on May 1, 1891, affirmed the judgment of the court below. On May 27, the Supreme Court, of its own motion set aside the judgment of affirmance solely on the ground, as shown by the record, that the cause might "be argued upon the question of effect and operation of the recent amendment to the penal

code respecting the execution of a sentence of death." The cause having been reargued, the judgment below was again affirmed on December 12, 1891. On December 31, a petition for a rehearing was filed, and on January 11, 1892, a rehearing was granted, and thereafter the cause was again argued. On February 20, 1892, the judgment appealed from was again affirmed, and plaintiff in error applied to the Supreme Court of California to allow a writ of error from this court, which application was denied. Subsequently a writ of error was allowed by one of the Justices of this court and a motion is now made to dismiss that writ or affirm the judgment.

At the time of the commission of the alleged crime, the conviction, and the judgment, the laws of California prescribed the penalty of death for such crime, and that execution should be had not less than thirty nor more than sixty days after judgment, by the sheriff, within the walls or yard of a jail, or some convenient private place in the county. Pending the appeal to the Supreme Court a statute was passed amending the penal code so as to provide that the judgment should be executed in not less than sixty nor more than ninety days from the time of judgment, by the warden of one of the state prisons, within the walls thereof, and that the defendant should be delivered to such warden within ten days from the judgment. (Stat. Cal. 1891, 272.)

As is stated in the majority opinion of the Supreme Court of the State, 93 California, 427, the case when first heard in that court was determined without reference to the amendment of the law concerning the execution of the death penalty.

Upon a suggestion of a difficulty arising in view of the amendments, which had been enacted after McNulty was convicted and sentenced, a reargument was ordered, and a majority of the court reached the conclusion that the amendments were, under the rule laid down in *Medley's case,* 134 U. S. 160, unconstitutional *in toto,* and that, therefore, the former law was not thereby repealed. On that argument it was assumed, and the opinion of the court proceeded upon the assumption, that the amendments stood entirely without a

saving clause, either in the amendments themselves or in the general statutory law. Subsequently the attention of the court was called to section 329 of the Political Code as constituting a saving clause fully covering the amendments, and the court held that such was the effect of that section. The section read as follows: "The repeal of any law creating a criminal offence does not constitute a bar to the indictment or information and punishment of an act already committed in violation of the law so repealed, unless the intention to bar such indictment or information and punishment, is expressly declared in the repealing act."

It was, therefore, concluded that McNulty was to be punished under the law as it existed at the time of the commission of the crime of which he was convicted, and that under this view the act of 1891 was constitutional, because not intended to apply to past offences, but to be prospective only in its operation, and the judgment was accordingly affirmed.

It is clear that this writ of error cannot be sustained. If the affirmance based upon the conclusion reached by the court on the first reargument had stood, a writ of error could not have issued, since that decision of the court did not sustain the validity of the act of 1891, but on the contrary held it to be wholly void as in contravention of the Constitution of the United States. The final affirmance of the judgment reached upon the second reargument rested upon the conclusion that a saving clause existed in the statutes of California which retained the prior law in force, and justified the execution of the sentence thereunder.

The contention of counsel is that the execution of plaintiff in error as ordered would be without due process, because the amendments of 1891 repealed the former law, and left no law under which he could be executed, since the amendments could not be enforced because of their being in violation of the Constitution. But this argument amounts to no more than the assertion that the Supreme Court of the State erred as to the proper construction of the statutes of California, an inquiry it is not within our province to enter upon, or that that court committed an error so gross as to amount in law to

a denial by the State of due process of law or of some right secured to the plaintiff in error by the Constitution of the United States, a proposition not open to discussion upon the record before us. In our judgment, the decision of the Supreme Court of California, that he should be punished under the law as it existed at the time of the commission of the crime of which he was convicted, involved no Federal question whatever.

It may be added that McNulty was proceeded against by information, and by three of the twenty-two assignments of error the legality of so proceeding is questioned, and it is also claimed that the judgment was erroneous because it did not appear from the record that McNulty had had a legal or any examination before the filing of the information, or had been lawfully or at all committed by any magistrate.

It was settled in *Hurtado* v. *California*, 110 U. S. 516, that the words "due process of law" in the Fourteenth Amendment do not necessarily require an indictment by a grand jury in a prosecution by a State for murder, whose constitution authorizes such prosecution by information, and no point appears to have been made or decided in the state court as to the previous examination and commitment. So far as the record shows, no right, privilege, or immunity in respect of these matters was set up or claimed and denied, as required by section 709 of the Revised Statutes. *Spies* v. *Illinois*, 123 U. S. 131.

We perceive no ground upon which this writ of error can be sustained. *In re Kemmler*, 136 U. S. 436; *Caldwell* v. *Texas*, 137 U. S. 692; *Leeper* v. *Texas*, 139 U. S. 462.

*Writ of error dismissed.*