PER CURIAM.
This cause is here on appeal from the Criminal Court of Record of Dade County. Jurisdiction is vested in this Court because the lower court ruled directly on the validity and constitutionality under the Federal Constitution of Section 904.01, Florida Statutes, F.S.A., and construed material provisions of the Federal and Florida constitutions.
The appellant was informed against and convicted of extortion. He contends that Article V, Section 9(5), Florida Constitution, F.S.A.; Section 10, Declaration of Rights, Florida Constitution, F.S.A.; and Section 904.01, Florida Statutes, F.S.A., are unconstitutional under the Fifth and Fourteenth amendments to the Federal Constitution because of direct conflict therewith.
The said constitutional and statutory provisions of Florida under attack authorize the prosecution of a felony other than a capital crime by information under oath filed by the prosecuting attorney. The Fifth and Fourteenth amendments to the Federal Constitution provide, respectively, that no person-shall be held to answer for a capital or otherwise infamous crime unless on a presentment of an indictment of a grand jury, and that no state shall deprive any *138 person of due process or equal protection of the laws.
Thus the sole issue presented is whether the Fifth and Fourteenth amendments to the Federal Constitution require that a conviction by the State of Florida for the crime of extortion be based on a grand jury indictment and not on an information filed by the prosecuting attorney.
The question presented here and appellant’s contentions are in no sense novel or unsettled. Indeed, this Court, following earlier decisions of the United States Supreme Court, held contrary to the exact position that appellant takes here in Sawyer v. State (1927), 94 Fla. 60, 113 So. 736. In that case Sawyer was convicted in the Hillsborough County Criminal Court of Record upon an information charging the felony offense of breaking and entering. On appeal, Sawyer unsuccessfully contended that he was denied due process and equal protection of the laws because he was not indicted by a grand jury.
The holding in the Sawyer case followed two decisions of the United States Supreme Court: Hurtado v. People (Cal., 1884), 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232, and Maxwell v. Dow (Utah, 1900), 176 U.S. 581, 20 S.Ct. 448, 44 L.Ed. 597, 6 R.C.L. 467. In those cases the United States Supreme Court was faced with the same question now again before us under similar facts. The Maxwell case arising from Utah is strikingly similar to the instant case factually.
In Hurtado, where the defendant was convicted of a capital crime the Court stated:
“ * * * The natural and obvious inference is that, in the sense of the constitution, ‘due process of law’ was not meant or intended to include, ex vi termini, the institution and procedure of a grand jury in any case. The conclusion is equally irresistible, that when the same phrase was employed in the fourteenth amendment to restrain the action of the states, it was used in the same sense and with no greater extent; and that if in the adoption of that amendment it had been part of its purpose to perpetuate the institution of the grand jury in all the States, it would have embodied, as did the fifth amendment, express declarations to that effect. * * * ”
In the Maxwell case the defendant was informed against for robbery and was convicted. Therein the United States Supreme Court recalled its holding in Hurtado and with determined finality stated:
“The objection that the proceeding by information does not amount to due process of law has been heretofore overruled, and must be regarded as settled by the case of Hurtado v. California, 110 U.S. 516, 28 L.ed. 232, 4 Sup.Ct.Rep. Ill, 292. The case has since been frequently approved. Hallinger v. Davis, 146 U.S. 314, 322, 36 L. ed. 986, 991, 13 Sup.Ct.Rep. 105; McNulty v. California, 149 U.S. 645, 37 L. ed. 882; 13 Sup.Ct.Rep. 959; Plodgson v. Vermont, 168 U.S. 262, 272, 42 L.ed. 461, 464; 18 Sup.Ct.Rep. 80; Holden v. Hardy, 169 U.S. 366, 384, 42 L.ed. 780, 18 Sup.Ct.Rep. 383; Brown v. New Jersey, 175 U.S. 172, 176 [ante, 119], 20 Sup.Ct.Rep. 77, 44 L.ed. [119]; Bolin v. Nebraska, 176 U.S. 83 [ante 382], 20 Sup.Ct.Rep. 287, 44 L.ed. [382]”
This Court regards the question presented as settled by no less an authority on the Constitution of the United States than the United States Supreme Court.
We have considered appellant’s contention that the recent decision of the Supreme Court of the United States in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, analogously overrules the holdings in the Hurtado and Maxwell cases. This does not appear to be the case expressly or sub silentio. Moreover, as those cases so well expound, the essential fairness required to afford due process is not denied *139 or impaired by proceeding by way of information.
The decision of the lower court is affirmed.
DREW, C J., and ROBERTS, THOR-NAL, O’CONNELL, CALDWELL, ERVIN and HOBSON (Ret.), JJ., concur.