G. W. OLIVER, D. P. Averitt and Mrs. Louise W. Attaway, Appellants,

v.

The MAYOR AND COUNCILMEN OF the TOWN OF SAVANNAH BEACH, TYBEE ISLAND, GEORGIA, et al., Appellees.

No. 21814.

United States Court of Appeals
Fifth Circuit.

May 20, 1965.

Aaron Kravitch, John J. Sullivan, John Wright Jones, Phyllis Kravitch, Savannah, Ga., for appellants.

Alex A. Lawrence, Anton F. Solms, Jr., A. Pratt Adams, Jr., Savannah, Ga., for appellees.

Before TUTTLE, Chief Judge, and PHILLIPS * and WISDOM, Circuit Judges.

TUTTLE, Chief Judge.

This is a companion case to Henry H. Glisson, et al, v. The Mayor and Councilmen of the Town of Savannah Beach, et al., 346 F.2d 135 decided this day. The cases are decided separately because a different question is presented by reason of the different standing of the respective plaintiffs.

In the Glisson case, the plaintiffs complained of a municipal charter provision of the charter of the City of Savannah Beach, Georgia, that provided for the right of non-residents of the municipality who, nevertheless, owned property therein and who resided in Chatham County, to vote in municipal elections. The plaintiffs Glisson, et al, were permanent residents of the city of Savannah Beach. Those plaintiffs attacked the right of Chatham County residents owning property in Savannah Beach to participate in Savannah Beach city elections. The plaintiffs here are residents of another county, Bulloch County, Georgia, adjacent to Chatham County, and they also own property in the city of Savannah Beach. As such property owners they also attack the validity of

* Senior Circuit Judge of the Tenth Circuit, sitting by designation.

the charter amendments which permit non-residents of the municipality who own property to vote. They base their attack on the discrimination that permits non-resident owners to vote if they are residents of Chatham County, but denies them the right to vote if they reside in other Georgia counties.

The trial court made joint findings of fact covering both cases, with separate conclusions of law. In this case, the Court concluded that the plaintiffs' purpose in filing the suit was in fact to support the contention of the residents of Savannah Beach who were the plaintiffs in the other action, seeking to hold invalid those parts of the amended charter giving the right to vote to *any* non-residents owning property in the municipality, and thereupon held that if the plaintiffs succeeded in their effort, they would destroy the only right which, as discriminatees, they may have had standing to claim, that is, the elimination of the difference between them as property owners, non-residents of Chatham County, and the property owners who are residents in that county.

Upon a careful reading of the complaint in this case, which, incidentally, was filed by the same counsel representing Glisson, et al, in the other case, we conclude that the trial court correctly construed the complaint. Although the complaint alleged a discrimination between the plaintiffs here who do not reside in Chatham County but who own property in Savannah Beach, and other property owners who reside in Chatham County and are thus given the right to vote, no relief is sought putting an end to that discrimination. What is actually sought is "that the statutes of the Legislature of Georgia as set out in said petition with reference to the registration of voters, right to hold office and election of Mayor and Councilmen at Savannah Beach, Georgia, for the reason set out in said petition, be decreed and declared to be illegal, void and unconstitutional."

Further relief sought is that "a declaratory judgment issue * * * striking [from the present list] the names of persons who have registered as voters at Savannah Beach, and granting such other relief as is meet and proper."

The complaint expressly alleged that "the said Act is not separable and since no provision is contained in said Act granting to property owners but non-residents of Chatham County, residing within the state of Georgia the right to either vote or hold office at Savannah Beach, it would be necessary if the court finds if the Act is irrational, illegal or unconstitutional and shows invidious discrimination, to set aside the Act in its entirety."

By this allegation it is plain that the complainants are not seeking to have the Act held invalid to the extent that they are excluded from the same right to vote that is accorded municipal property owners residing in Chatham County. They undertake to show that by being excluded from the similar right, the entire Act is invalid and that nobody other than Savannah Beach residents are entitled to vote. Thus it is plain that this complaint is merely a second effort to accomplish the same result as is sought in the Glisson case.

It is plain that the present plaintiffs have no standing to maintain such an action. They are not residents of Savannah Beach, and they thus have no right to complain that others not residents of that municipality are permitted to vote.

In view of the clear purpose of this action to exclude *all* non-residents of the municipality as voters, we conclude that the trial court correctly held that they do not assert any state of facts upon which relief can be granted them.

We conclude also that the trial court correctly declined to call for the convening of a three-judge district court in this case, although for a different reason than that discussed in the Glisson case. The statute here involved was a local statute. As to such a state statute, the Supreme Court has decided that Section 2281 does not require the appointment of a three-judge court. In Rorick

v. Board of Commissioners of Everglades Drainage District, 1939, 307 U.S. 208, 212, 59 S.Ct. 808, 810, 83 L.Ed. 1242, the Court said:

"Ex parte Collins [277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990] reinforced by Ex parte Public National Bank, 278 U.S. 101 [49 S.Ct. 43, 73 L.Ed. 202], authoritatively established the restricted class of cases to which the special procedure of Section 266 [now Section 2281] must be confined. 'Despite the generality of the language' of that Section, it is now settled doctrine that only a suit involving 'a statute of general application' and not one affecting a 'particular municipality or district' can invoke Section 266. Plainly, the matter here in controversy is not one of statewide concern but affects exclusively a particular district in Florida."

Thus, it is apparent that no three-judge court was required in this case.

The judgment is affirmed.