Henry H. GLISSON, Hubert K. Ellzey and E. C. Bobo, Appellants,

v.

The MAYOR AND COUNCILMEN OF the TOWN OF SAVANNAH BEACH, TYBEE ISLAND, GEORGIA, et al., Appellees.

No. 21754.

United States Court of Appeals Fifth Circuit.

May 20, 1965.

Aaron Kravitch, John Wright Jones, Phyllis Kravitch, Savannah, Ga., for appellants.

Alex A. Lawrence, Anton F. Solms, Jr., A. Pratt Adams, Jr., Savannah, Ga., for appellees.

Before TUTTLE, Chief Judge, and PHILLIPS * and WISDOM, Circuit Judges.

* Senior Circuit Judge of the Tenth Circuit, sitting by designation.

TUTTLE, Chief Judge.

This and the companion case G. W. Oliver, et al., v. The Mayor and Councilmen of the Town of Savannah Beach, et al., 346 F.2d 133, decided this day, represent the latest episode in the protracted quarrel between the permanent residents of Savannah Beach, Georgia, and the summer-time visitors of that community who own property there over the franchise in municipal elections.

Savannah Beach is a resort community located on the Atlantic coast in Chatham County, Georgia. In municipal elections, two classes of persons are entitled to vote: (1) permanent residents of Savannah Beach regardless of whether they own property, and, (2) non-residents who own property in Savannah Beach and who reside in Chatham County. The trial court found that 712 registered voters are in the permanent resident class and 467 registered voters are in the property owner-Chatham County class. The court also found that "the assessed value of property returned by non-resident property owners amounted as of May 1, 1962, to $2,852,040.00, while the assessed property value of permanent residents totalled $1,586,485.00." It was further found that "a substantial majority of the non-resident property owners reside at Savannah Beach for a period of one to four months during the summer." There is no dispute as to any of these facts.

The plaintiffs in this case are permanent residents of Savannah Beach. They contend that the statute permitting non-resident property owners to vote amounts to invidious discrimination against the permanent residents in that: (1) it dilutes the voting strength of the permanent residents; (2) it gives the non-residents a chance to vote in two municipal elections, while the permanent residents can only vote in one, and (3) it gives the right to vote to several non-residents who are joint owners of a single piece of property.

The plaintiffs also attack the statute which prescribes that three of the six town councilmen must come from the non-resident-property owner group.

In their complaint the appellants demanded the convening of a three-judge district court which was denied by the trial court. Appellants here contend that this was error, and they attack the dismissal of the complaint on the merits as well.

■ We agree that the trial court correctly refused to certify the need for a three-judge court and the ground for its denial: "A district court judge is not required to convene a three-judge district court where the question is settled by previous decision of the United States Supreme Court, or where no substantial federal question exists." See Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512; Board of Supervisors etc. v. Ludley, 5 Cir., 252 F.2d 372, 376. See also, as a reason for denying a three-judge court, Rorick v. Board of Commissioners, etc., 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242.

The basis of the trial court's refusal here was based on the fact that the Supreme Court had recently affirmed per curiam an earlier three-judge case involving the same issue from Savannah Beach. Spahos v. Mayor and Councilmen of Savannah Beach, So. Dist. of Ga., 1962, 207 F.Supp. 688, affirmed per curiam, 371 U.S. 206, 83 S.Ct. 304, 9 L.Ed. 2d 269.

On the merits we conclude that the three-judge court in Spahos correctly dismissed the complaint. In doing so, the Court upheld the right of the State of Georgia, in the granting of municipal charters to make reasonable classifications with respect to the right to vote in municipal elections. The Court there said: "The objective of the Legislature here was undoubtedly to permit those persons owning property within the municipality, many of whom were summer

residents therein, to have a voice in the management of its affairs. This appears to be a rational objective and the plaintiffs have failed to show that the classification thereunder is arbitrary or unreasonable."

In approving the power of the State Legislature to adopt reasonable classifications, the Spahos Court there relied upon McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393, where the Supreme Court stated the rule as follows:

"Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."

It is apparent from the face of this legislation that there could be a logical and sensible reason for permitting non-residents owning property in the municipality to vote· in the municipal elections on an equal basis with resident persons whether or not they are property owners. The nexus between the two is that each of them obviously has an interest in the operation of the city government. Such rational objective appearing, it was, of course, correct for the district court to determine that the municipal charter did not offend the 14th Amendment to the United States Constitution.

The judgment of the trial court is affirmed.