**Richard E. SMITH et al., Plaintiffs,**

v.

**Charles F. DENNY, Principal, Enterprise High School et al., Defendants.**

**Civ. No. S-322.**

United States District Court
E. D. California.
Feb. 28, 1968.

California and their parents who are suing as their guardians. Defendants are the Principal of Enterprise High School, the President of the Board of Trustees of Enterprise High School, and the Superintendent of the Board of Trustees of Enterprise High School. Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1343, 2201, 2281 and 2284.

In their amended complaint plaintiffs seek a declaration by a three-judge court that § 5211 of the California Education Code constitutes an unconstitutional deprivation of the free exercise of religion and an establishment of religion in violation of the first and fourteenth amendments to the Constitution. Section 5211 reads in pertinent part:

> In every public secondary school there shall be conducted daily appropriate patriotic exercises. The giving of the pledge of allegiance to the Flag of the United States of America shall satisfy such requirement. Such patriotic exercises for secondary schools shall be conducted in accordance with the regulations which shall be adopted by the governing board of the district maintaining the secondary school.

According to the amended complaint, the governing board in the district in which Enterprise High School is located has adopted regulations pursuant to this statute which require daily recitation of the Pledge of Allegiance in the form that includes the phrase "one nation, *under God,* indivisible, with liberty and justice for all." (Emphasis added) Plaintiffs assert that the regulation, by requiring inclusion of the words "under God" violates the first and fourteenth amendments. They ask that the three-judge court direct defendants to remove the words "under God" from the Pledge of Allegiance.

Defendants resist plaintiffs' request for a three-judge court on the ground that the constitutional questions raised are insubstantial. They have moved to dismiss the action for failure to state a claim (Fed.R.Civ.P. 12(b)) on the same ground.

Benjamin Dreyfus, Garry, Dreyfus, McTernan & Brotsky, San Francisco, Cal., for plaintiffs; Rabinowitz & Boudin, New York City, of counsel.

Robert A. Rehberg, County Counsel, Redding, Cal., for defendants.

## MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

Plaintiffs in this action are students at Enterprise High School in Redding,

In an action seeking a declaration of unconstitutionality of a state statute, a substantial federal question must be present before a district judge can convene a three-judge court. Powell v. Workmen's Compensation Bd. of State of New York, 327 F.2d 131 (2d Cir. 1964). When no substantial federal question is presented, he has the duty to dismiss. Smith v. State of California, 336 F.2d 530 (9th Cir. 1964).

Plaintiffs point to decisions by the Court in cases involving a required oath declaring belief in God by public officers (Torasco v. Watkins, 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961), required reading of Bible verses and prayers in school (School District of Abington Tp., Pa. v. Schempp, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963), Engel v. Vitale, 370 U.S. 421, 82 S.Ct. 1261, 8 L.Ed.2d 601 (1962)), and release of school time for religious purposes (Zorach v. Clauson, 343 U.S. 306, 72 S.Ct. 679, 96 L.Ed. 954 (1952); People of State of Illinois ex rel. McCollum v. Board of Education, etc., 333 U.S. 203, 68 S.Ct. 461, 92 L.Ed. 649 (1948)). While no case litigating the issue of whether the reference to God in the pledge of allegiance violates the first amendment has been decided by the Supreme Court, plaintiffs assert that the cases cited above are sufficiently analogous to show that a substantial constitutional question exists.

Defendants reply that these cases all involved wholly or essentially religious exercises which are analytically different from patriotic exercises containing ancillary references to God. Support for this distinction is found in dicta in School District v. Schempp, supra, and Engel v. Vitale, supra. In the latter case, which involved a required classroom prayer, Mr. Justice Black stated:

There is of course nothing in the decision reached here that is inconsistent with the fact that school children and others are officially encouraged to express love for our country by reciting historical documents such as the Declaration of Independence which contain references to the Deity or by singing officially espoused anthems which include the composer's professions of faith in a Supreme Being, or with the fact that there are many manifestations in our public life of belief in God. Such patriotic or ceremonial occasions bear no true resemblance to the unquestioned religious exercise that the State of New York has sponsored in this instance. Id. 370 U.S. at 435 n. 21, 82 S.Ct. at 1269.

This statement was quoted with approval in Mr. Justice Goldberg's concurring opinion (in which Mr. Justice Harlan joined) in School District v. Schempp, supra, 374 U.S. at 307, 83 S.Ct. at 1616. Mr. Justice Brennan also wrote a concurring opinion in *Schempp* wherein he declared in discussing the beneficial aspects of solemn exercises in the school:

It has not been shown that readings from the speeches and messages of great Americans, for example, or from the documents of our heritage of liberty, daily recitation of the Pledge of Allegiance, or even the observance of a moment of reverent silence at the opening of class, may not adequately serve the solely secular purposes of the devotional activities without jeopardizing either the religious liberties of any members of the community or the proper degree of separation between the spheres of religion and government. Id. at 281, 83 S.Ct. at 1602 (footnote omitted.)

An excellent illustration of the distinction between a forbidden religious exercise and a permissible patriotic ceremony is found in Sheldon v. Fannin, 221 F.Supp. 766 (D.Ariz.1963). The suit was under the Civil Rights Act for injunctive relief on behalf of students who were suspended from a public school for insubordination because of their refusal to stand for the singing of the National Anthem.[1] The ground for their refusal

---

1. It should be noted that the instant case does not raise the question of the propriety of sanctions imposed by school officials for students' refusal to participate

was their religious belief as Jehovah's Witnesses. The late Judge Mathes held that the suspensions were violative of first amendment rights and enjoined the school board from excluding such students from school attendance. In doing so, however, Judge Mathes first rejected plaintiffs' contention that the National Anthem was an establishment of religion within the meaning of the first amendment:

> Relying upon the recent "school-prayer" decisions * * * the plaintiffs first argue that the National Anthem contains words of prayer, adoration and reverence for the Deity, and that a State's prescription of participation therein amounts to a prohibited "establishment of religion." This contention must be rejected. The singing of the National Anthem is not a religious but a patriotic ceremony, intended to inspire devotion to and love of country. Any religious references therein are incidental and expressive only of the faith which as a matter of historical fact has inspired the growth of the nation. Id. at 774 (citations omitted.)

■ While, as stated previously, the Supreme Court has not been faced with the precise issue here, the pronouncements of the Court set forth above provide me with sufficient guidance to decide that § 5211 of the California Education Code and the regulations adopted pursuant to it do not constitute either a deprivation of the free exercise of religion or an establishment of religion within the meaning of the first amendment. It follows that plaintiffs' claim presents no substantial constitutional question. My feelings are best summed up by Mr. Justice Goldberg in his con-

in the recitation of the Pledge of Allegiance. The Supreme Court has dealt with that situation in the context of expulsion of Jehovah's Witnesses from a public school, finding the expulsions to be unconstitutional. West Virginia State Board of Education v. Barnett, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943). The student plaintiffs here remain silent during the ceremony. While it is alleged that the inclusion of the words "under

currence in School District v. Schempp, supra, wherein he stated:

> The First Amendment does not prohibit practices which by any realistic measure create none of the dangers which it is designed to prevent and which do not so directly or substantially involve the state in religious exercises or in the favoring of religion as to have meaningful and practical impact. It is of course true that great consequences can grow from small beginnings, but the measure of constitutional adjudication is the ability and willingness to distinguish between real threat and mere shadow. Id. 374 U.S. at 308, 83 S.Ct. at 1616.

It is therefore ordered that plaintiffs' request for a three-judge court is hereby denied.

It is further ordered that defendants' motion to dismiss be granted and the action is hereby dismissed.

God" has "necessarily" resulted in the exercise of "coercion" upon plaintiffs (amended complaint, para. 15), this appears to be a reference to the feelings of ostracism that are often a by-product of the assertion by minorities of their alleged constitutional rights. Nowhere is it alleged plaintiffs' conduct has caused them to be penalized by teachers or school officials.