PER CURIAM.
On trial before the court on an information charging robbery the appellants were found and adjudged guilty. Sentences of- imprisonment were imposed, three years for Behun and five years each for Brennan and Kekic. Their separate appeals were consolidated here. We have considered the several contentions of the appellants in the light of the record and briefs and find them to be without merit.
The trial court was eminently correct in denying the defendants’ motion to suppress evidence revealed by a search of the defendants upon their arrest. The argument of the appellants that the arrest was made without probable cause is refuted by the evidence. At 3:30 A.M. on a certain date the police received a report that a robbery was in progress at a hotel on Miami Beach. A responding officer, on entering, saw the clerk walking in the lobby with three men behind him, one having a coat over his arm. The clerk told the officer “I think you ought to stick around. I think there will be a little trouble here.” The situation presented to the officer’s view, with his prior notice of a report of a robbery there, gave probable cause for arresting the men. The one with the coat on his arm was found to be shielding a pistol. Appellants’ contention that the indefinite comment by the clerk to the officer showed no probable cause for arrest, is one with which we can not agree. The clerk’s comment, in the form of an understatement instead of a direct accusation, was properly understood and evaluated by the officer with the aid of the other circumstances of the prior report of a robbery and the presence and position of the men in the lobby of the hotel' at that hour.
The actual robbery was established to have occurred in a room in the hotel where an employee had been rendered unconscious and a set of room keys taken from him. The keys were in possession of one of the appellants when arrested in the lobby.
We reject as unsound the contention that the evidence of identification of the appellant Brennan as a participant was insufficient. While the evidence of participa *489 tion of the appellant Behun was in conflict, we can not fault the trier of fact for finding against Behun on that issue. The fact that Behun was not hound over on the preliminary hearing did not preclude the state from prosecuting him by .information. Palmieri v. State, Fla.1967, 198 So.2d 633, 634—635; Montgomery v. State, Fla.1965, 176 So.2d 331, cert. den. 384 U.S. 1023, 86 S.Ct. 1955, 16 L.Ed.2d 1026. The state was privileged by law to maintain this prosecution by information rather than by a grand jury indictment. Horner v. State, Fla.1964, 168 So.2d 137.
No reversible error having been made to appear, the judgments appealed from are affirmed.