The judgment of the district court will be affirmed.

**Lester E. MORFORD, III, Appellant,**

v.

**Carl HOCKER, Warden, Nevada State Penitentiary, Appellee.**

**No. 21920.**

United States Court of Appeals
Ninth Circuit.

April 15, 1968.

Rehearing Denied April 29, 1968.

Certiorari Denied June 17, 1968.

See 88 S.Ct. 2329.

---

1. He may, in our opinion, change the form of the assets with due regard for his duty to preserve them for those ultimately entitled to them.

Melvin Schaengold (argued), Stanley H. Brown, John S. Drendel, Reno, Nev., for appellant.

Virgil D. Dutt, Asst. Dist. Atty., (argued), William J. Raggio, Dist. Atty., Reno, Nev., Harvey Dickerson, Atty. Gen., Carson City, Nev., for appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and BOLDT, District Judge.*

DUNIWAY, Circuit Judge:

In the state of Nevada, appellant was convicted of murder on his plea of guilty, and sentenced to death. The prosecution was upon an information, as permitted by the Constitution of Nevada, Art. I, § 8 (Nev.Stats., 1909, at 346, id., 1911, at 454). The constitutional provision is implemented by statutes. (Nev.R.S. ch. 173.) On this appeal from denial of his petition for a writ of habeas corpus, appellant's sole contention is that the due process clause of the Fourteenth Amendment to the Constitution of the United States[1] requires that such a prosecution as his be by indictment. The theory is that the due process clause of the Fourteenth Amendment makes applicable to the states the grand jury requirement of the Fifth Amendment.[2]

In the landmark decision in Hurtado v. People of State of California, 1884, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232, the Supreme Court rejected this contention, and that decision has been followed ever since. McNulty v. People of State of California, 1893, 149 U.S. 645, 13 S.Ct. 959, 37 L.Ed. 882; Hodgson v. State of Vermont, 1897, 168 U.S. 262, 18 S.Ct. 80, 42 L.Ed. 461; Bolln v. State of Nebraska, 1900, 176 U.S. 83, 20 S.Ct. 287, 44 L.Ed. 382; Graham v. State of West Virginia, 1912, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917; Lem Woon v. State of Oregon, 1913, 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340; Gaines v. State of Washington, 1928, 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793. There are many dicta stating the *Hurtado* rule. E. g., Beck v. State of Washington, 1962, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98. And there are several instances in which the Supreme Court has dismissed appeals for want of a substantial federal question on the authority of *Hurtado*. E. g., Black v. People of State of California, 1942, 315 U.S. 782, 62 S.Ct. 634, 86 L.Ed 1189. If any rule can be regarded as settled, the *Hurtado* rule is.

But we are asked to overturn appellant's conviction on the theory that today the Supreme Court would overrule *Hurtado*. We do not think that that is our job. And if it were, we would still affirm. We think that the *Hurtado* rule is right, and that it would be a great disservice to the administration of justice in the states to saddle them with a requirement that they must proceed in the manner required of a federal court under the grand jury requirement of the Fifth Amendment. To do so would throw into discard 85 years of experience under what many competent authorities believe to be a better procedure. As the district court demonstrated in its opinion in this case, the statutes of Nevada and the decisions of its Supreme Court afford to a defendant who is proceeded against by information all of the safeguards that the Grand Jury affords to a federal defendant, and more.

Affirmed.

---

* George H. Boldt, District Judge for the Western District of Washington, sitting by designation.

1. " * * * nor shall any State deprive any person of life [or] liberty * * * without due process of law."

2. "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, * * *."