Eugene R. **HAFFKE**, Petitioner,

v.

**STATE OF CALIFORNIA**, Respondent.

Civ. No. 70–2531.

United States District Court,
C. D. California.

March 23, 1971.

Eugene R. Haffke, in pro. per.

Evelle J. Younger, Atty. Gen., William E. James, Asst. Atty. Gen., Ronald M. Weiskopf, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## MEMORANDUM AND ORDER DENYING MOTIONS TO CONVENE A THREE-JUDGE COURT AND TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

HAUK, District Judge.

Petitioner alleges he is in a California penal institution pursuant to a conviction rendered against him in the Superior Court of Los Angeles County, Case No. A–160636. In this Petition for Injunctive Relief, he challenges article 1, section 8 of the Constitution of the State of California which authorized the prosecution against him by information in his case. Art. 1, § 8 provides, in part:

"Offenses heretofore required to be prosecuted by indictment shall be prosecuted by information, after examination and commitment by a magistrate, or by indictment, with or without such examination and commitment, as may be prescribed by law. * * * * "

Petitioner moves for the convening of a three-judge court pursuant to 28 United States Code sections 2281, 2284 to determine the constitutionality of this section of the California Constitution. He prays for an injunction prohibiting the State of California from prosecuting felonies by information except where waived by defendant as provided in the Federal Rules of Criminal Procedure, and for orders overturning his conviction, requiring him to be released, and prohibiting future prosecution of the felony for which he stands convicted. Petitioner's contentions regarding the constitutional infirmity in the information mode of initiating criminal proceedings were not made at any point in the course of the state proceedings. He raises them for the first time here. Petitioner also moves to proceed in forma pauperis.

The above matter was brought to hearing on March 8, 1971, petitioner not appearing and respondent having appeared by Evelle J. Younger, Attorney General of the State of California, by Ronald M. Weiskopf, Deputy Attorney General. The matter was submitted without argument.

After reviewing the Motions and the Petition, the court is fully advised in the premises and thus orders that the motions to convene a three-judge court and to proceed in forma pauperis be denied and the Petition be dismissed for the following reasons.

The Petition is almost totally devoid of factual allegations. Petitioner does not even allege the particular crime of which he was convicted. However, it may be inferred from the Petition that petitioner has been convicted of a felony and that he was prosecuted by information without having waived prosecution by indictment. We accept these allegations as true for the purposes of this order.

Petitioner has named the State of California as the sole respondent in this action. Respondent argues that it has been well established since the case of Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1889), that a state is immune from federal court suits brought by its own citizens as well as by

citizens of another state, Hans v. Louisiana, *supra* at 9–21, 10 S.Ct. 504; Ex parte State of New York, 256 U.S. 490, 497, 41 S.Ct. 588, 65 L.Ed. 1057 (1920); Duhne v. New Jersey, 251 U.S. 311, 313, 40 S.Ct. 154, 64 L.Ed. 280 (1920); Fitts v. McGhee, 172 U.S. 516, 524, 19 S.Ct. 269, 43 L.Ed. 535 (1898); California v. So. Pacific Co., 157 U.S. 229, 256, 261, 15 S.Ct. 591, 39 L.Ed. 683 (1894); North Carolina v. Temple, 134 U.S. 22, 30, 10 S.Ct. 509, 33 L.Ed. 849 (1889), and that this immunity is not affected by the fact that the case may be one arising under the Constitution or laws of the United States, and is brought against the state under the Civil Rights Act, 42 U.S.C.A. section 1983.[1] Clark v. State of Washington, 366 F.2d 678, 680 (9th Cir. 1966); accord, Loux v. Rhay, 375 F.2d 55, 58 (9th Cir. 1967); Serrano v. People of State of California, 361 F.2d 474 (9th Cir. 1966); Williford v. People of California, 352 F.2d 474, 476 (9th Cir. 1965); Sires v. Cole, 320 F.2d 877, 879 (9th Cir. 1963). See also Monroe v. Pape, 365 U.S. 167, 187–192, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).[2]

■ That a state is not a "person" within the meaning of 42 U.S.C.A. section 1983 (Revised Statutes section 1979) was made clear in Clark v. State of Washington, *supra*, 366 F.2d at 680. As respondent also noted, the injunction spoken of in 28 U.S.C.A. section 2281 on which petitioner relies is directed against "the action of any officer of such State" and not against the state itself.

Failure to name a proper party aside, the petition is wanting in other major respects.

Even assuming that petitioner had named the proper parties in his complaint, the petition for a three-judge court does not set forth a substantial federal question, and therefore a jurisdictional predicate for the establishment of such a court is lacking.

■ Title 28 U.S.C. section 2281 requires that a three-judge court be convened to issue an injunction against the enforcement of a state statute on the ground that it violates the United States Constitution. This section has consistently been interpreted to require a *substantial* federal constitutional question before a three-judge court should be convened. California Water Service Co. v. Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Eason v. Dickson, 9 Cir., 390 F.2d 585 (1968).

■ It is well established that a three-judge federal district court may not be convened merely because a constitutional question is raised in an action for injunctive relief, but the constitutional question which is raised must be a substantial one. There is no requirement to appoint a three-judge court where the complaint does not assert a substantial federal claim. Ex Parte Poresky, 290 U.S. 30, 31–32, 54 S.Ct. 3, 78 L.Ed. 152; *accord*, California Water Service Co. v. Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 82 L.Ed. 1323 (1938). The cases are legion which similarly

---

1. Petitioner does not specifically allege 42 U.S.C.A. section 1983 as a basis for jurisdiction. Respondent assumes, from the language of the petition, the cases cited, and the bases of jurisdiction which are alleged, that 42 U.S.C.A. section 1983 is also invoked as a basis for petitioner's suit.

2. *Cf.* Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970), which confined Monroe v. Pape to its facts, *i. e.*, to the situation where claims are presented against municipal corporations for damages under the doctrine of respondeat superior, and which

accordingly permitted an equitable suit to proceed against a school district. The court in so doing relied on Schnell v. City of Chicago, 407 F.2d 1084 (7th Cir. 1969), as permitting suits against municipalities for equitable relief, but noted that there were lower court decisions in equitable actions to the contrary, and that the question of permitting such suits "is not free from doubt." 427 F.2d at 323. Schnell, it is noted, involved an extraordinary situation in which plaintiffs' First Amendment rights were "chilled as a result of both government action and inaction." 407 F.2d at 1086.

hold, both in this (*e. g.*, Eason v. Dickson, 390 F.2d 585, 589 (9th Cir. 1968), cert. denied, 392 U.S. 914, 88 S.Ct. 2076, 20 L.Ed.2d 1373 (1968)) and in other circuits (*e. g.*, Bell v. Waterfront Commission of New York Harbor, 279 F.2d 853, 857 (2d Cir. 1960)).

■ The lack of substantiality of a federal question, which will preclude the use of a three-judge court, may appear either because the question presented "is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of [the United States Supreme Court] as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.' [Citations.]" Ex Parte Poresky, *supra,* 290 U.S. at 32, 54 S.Ct. at 4; *accord,* Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Turner v. City of Memphis, 369 U.S. 350, 353, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962); Green v. Board of Elections of City of New York, 380 F.2d 445, 448 (2d Cir. 1967), cert. denied, 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840 (1968); Herald Co. v. Harper, 410 F.2d 125, 128 (8th Cir. 1969); Glisson v. Mayor and Councilmen of Town of Savannah Beach, 346 F.2d 135, 136 (5th Cir. 1965); Glancy v. Parole Bd. of Michigan Dept. of Corrections, 287 F.Supp. 34, 37 (W.D.Mich.1968); Morrison v. State of California by and Through Brown, 238 F.Supp. 22, 23 (S. D.Cal.1964).

■ The single judge with whom a complaint is filed should not convene a three-judge court where it is plain that no substantial federal question is presented. "In such a case he has power, and it is his duty, to dismiss. [Citations.]" Smith v. State of Claifornia, 336 F.2d 530, 534 (9th Cir. 1964); *accord,* California Water Service Co. v. Redding, *supra,* 304 U.S. at 254, 58 S.Ct. 865; Ex Parte Poresky, *supra,* 290 U.S. at 32, 54 S.Ct. 3; Carrigan v. Sunland-Tujunga Tel. Co., 263 F.2d 568 (9th Cir. 1959), cert. denied, 359 U.S. 975, 79 S.

Ct. 893, 3 L.Ed.2d 841 (1959); Wicks v. So. Pacific Co., 231 F.2d 130, 134–135 (9th Cir. 1956); Smith v. Denny, 280 F.Supp. 651, 653 (E.D.Cal.1968).

*Poresky* made it clear that "the District Judge clearly has the authority to dismiss for the want of jurisdiction when the question lacks the necessary substance and no other ground of jurisdiction appears." Ex Parte Poresky, *supra,* 290 U.S. at 32, 54 S.Ct. at 4. In California Water Service Co. v. Redding, *supra,* the Supreme Court viewed the function of the district judge as follows:

"It is therefore the duty of a district judge, to whom an application for an injunction restraining the enforcement of a state statute or order is made, to scrutinize the bill of complaint to ascertain whether a substantial federal question is presented, as otherwise the provision for the convening of a court of three judges is not applicable."

304 U.S. at 254, 58 S.Ct. at 866. That function of the single district judge continues, and rightly so, despite what might have been otherwise from the amendment to the Three Judge Court Act (28 U.S.C. section 2281) in 1942 (Act of April 6, 1942, c. 210, § 3, 56 Stat. 198, 28 U.S.C. § 2284(5)). *See* Bell v. Waterfront Commission of New York Harbor, 279 F.2d 853, 857 (2d Cir. 1960); Wicks v. So. Pacific Co., *supra,* 231 F.2d at 134–135.

■ The existence of substantial question of constitutionality must be determined by the allegations of the bill of complaint. Mosher v. Phoenix, 287 U.S. 29, 30, 53 S.Ct. 67, 77 L.Ed. 148; Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105, 53 S.Ct. 549, 77 L.Ed. 1062; *accord,* Ex Parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152.

■ A review of the petition in the instant case discloses that the question which petitioner would have the three-judge court resolve, is plainly insubstantial. The United States Supreme Court has definitively spoken with approval to

the issue of the constitutional authority of a state to initiate criminal prosecutions by way of information.

Prosecution by information as an alternative to prosecution by indictment in felony cases has been the practice in California since the adoption of the 1879 Constitution and is a procedure followed by many other states. The constitutionality of prosecution by information has been consistently upheld since the Supreme Court originally faced the issue in Hurtado v. California, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884).

In *Hurtado* the Supreme Court of the United States held that California's initiating criminal prosecutions by information instead of indictment by a grand jury does not deprive an accused of due process of law:

> "[W]e are unable to say that the substitution for a presentment or indictment by a grand jury of the proceeding by information after examination and commitment by a magistrate, certifying to the probable guilt of the defendant, with the right on his part to the aid of counsel, and to the cross-examination of the witnesses produced for the prosecution, is not due process of law. It is, as we have seen, an ancient proceeding at common law, which might include every case of an offence of less grade than a felony, except misprision of treason; and in every circumstance of its administration, as authorized by the statute of California, it carefully considers and guards the substantial interest of the prisoner." 110 U.S. at 538, 4 S.Ct. at 122.

The *Hurtado* opinion was not written in the abstract. It followed upon a careful consideration by the court of the English constitutional experience, the adoption of the United States Constitution including the Fourteenth Amendment thereto, and the wisdom of adapting criminal procedures to changing times. The court noted that strict reliance on established forms does not always yield a desirable result and that:

> "It is more consonant to the true philosophy of our historical legal institutions to say that the spirit of personal liberty and individual right, which they embodied, was preserved and developed by a progressive growth and wise adaptation to new circumstances * * *. This flexibility and capacity for growth and adaptation is the peculiar boast and excellence of the common law. * * *" Hurtado v. California, *supra* at 530, 4 S.Ct. at 118.

The court noted that there was nothing in the American constitutional experience to prohibit that flexibility in general, or to forbid using an information instead of an indictment in specific. The provisions of the Bill of Rights "must be held to guaranty not particular forms of procedure, but the very substance of individual rights to life, liberty, and property." *Id.* at 532, 4 S.Ct. at 119.

> "[A]ny legal proceeding enforced by public authority, whether sanctioned by age and custom, or newly devised in the discretion of the legislative power in furtherance of the general public good, which regards and preserves these principles of liberty and justice, must be held to be due process of law." *Id.* at 537, 4 S.Ct. at 121.

The court held, accordingly, that due process was not offended by California's proceeding by mode of information in criminal proceedings. They specifically held that since the Fourteenth Amendment did not explicitly require the perpetuation of the institution of the grand jury in state prosecutions, as the Fifth Amendment did with respect to those of the federal government, it did not restrain the action of the states in that regard. *Id.* at 535, 4 S.Ct. 111.

The holding of *Hurtado*—that California's prosecution of a capital offense by information instead of indictment is not violative of due process—was immediately reaffirmed in McNulty v. Califor-

nia, 149 U.S. 645, 648, 13 S.Ct. 959, 37 L.Ed. 882 (1893), and Vincent v. California, 149 U.S. 648, 13 S.Ct. 960, 37 L. Ed. 884 (1893). The Supreme Court has also upheld the right of other states as well to initiate criminal proceedings by information instead of indictment. Gaines v. State of Washington, 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); Lem Woon v. Oregon, 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340 (1913); Graham v. State of West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912); Davis v. Burke, 179 U.S. 399, 21 S.Ct. 210, 45 L.Ed. 249 (1900) (Idaho); Maxwell v. Dow, 176 U.S. 581, 20 S.Ct. 448, 44 L.Ed. 597 (1900) (Utah); Bolln v. Nebraska, 176 U.S. 83, 20 S.Ct. 287, 44 L.Ed. 382 (1900); Hodgson v. Vermont, 168 U.S. 262, 18 S.Ct. 80, 42 L.Ed. 461 (1897).

Although *Hurtado* does contain some "sweeping language" regarding the proper construction of the due process clauses of the Fifth and Fourteenth Amendments which has been rejected in a number of cases since 1884, *e. g., see* Powell v. Alabama, 287 U.S. 45, 65–67, 53 S.Ct. 55, 77 L.Ed. 158 (1932), the holding of *Hurtado* remains secure behind a solid wall of authority. In addition to the direct approvals of a state's proceeding by information mentioned above, the *Hurtado* holding has been mentioned in Supreme Court dicta, *e. g.,* Beck v. State of Washington, 369 U.S. 541, 545, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962), and has been the basis upon which that court has dismissed appeals for want of a substantial federal question, *e. g.,* Black v. California, 315 U.S. 782, 62 S.Ct. 634, 86 L.Ed. 1189 (1942).

Thus, as it has been said, "If any rule can be regarded as settled, the Hurtado rule is." Morford v. Hocker, 394 F.2d 169, 170 (9th Cir. 1968), cert. denied, 392 U.S. 944, 88 S.Ct. 2329, 20 L.Ed.2d 1406 (1968). "The Supreme Court specifically approved prosecution by information in Hurtado v. California * * * and that decision has been followed ever since." Sims v. Eyman, 405 F.2d 439, 448 (9th Cir. 1969). Other circuit courts too have noted that "the right of a state to prosecute a felony charge on the basis of an information drawn and filed in conformity with state law is clearly established." Wessling v. Bennett, 410 F.2d 205, 207 (8th Cir. 1969) (Iowa). *See also* Kelly v. Peyton, 420 F.2d 912, 914 (4th Cir. 1969) (Virginia); Henderson v. Cronvich, 402 F. 2d 763, 764 (5th Cir. 1968) (Louisiana); Martin v. Beto, 397 F.2d 741, 746 (5th Cir. 1968) (Texas).

From this legion of authority, respondent argues and we accept, that the question petitioner raises is no longer open as a litigable issue, and that in light of those previous decisions, his contentions are "obviously without merit" and "insubstantial."

 Therefore, we must find that no substantial federal constitutional question is presented by this Petition and the motion to convene a three-judge court must be denied. Furthermore, for this same reason, it is apparent that this petition and the allegations contained therein are frivolous within the meaning of 28 U.S.C. section 1915(d) and the Motion to Proceed in forma pauperis should be denied.

Therefore, it is hereby ordered that the Motion to Convene a Three-Judge Court be denied.

It is further ordered that the Motion to Proceed in forma pauperis be denied.

It is further ordered that the Petition be, and the same is, dismissed.